WESTERN DIST.
*Oct.* 1838.

MASON
*vs.*
MASON'S WIDOW
AND HEIRS.

*Winn* and *Brent,* for the plaintiff.

*Dunbar, contra.*

It is a sufficient allegation, " that due and lawful demand of payment was made without effect" with the note and protest annexed, making part of the petition, to let in proof of demand and failure to pay.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

<hr>

MASON *vs.* MASON'S WIDOW AND HEIRS.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF OUACHITA.

Where an intervening party admits in his petition or answer, the material facts in the plaintiff's petition, he will not be allowed to amend and deny the facts admitted, so as to put the adverse party to the proof of them.

WESTERN DIST.
Oct. 1838.

MASON
vs.
MASON'S WIDOW
AND HEIRS.

Where the answers to facts and articles touching the law of another State in relation to interest, show that there is a statute law on the subject, the statute must be produced as the best evidence.

In the absence of legal proof of a foreign law concerning interest, the court will be governed by the law of Louisiana in allowing interest.

Interest is considered in lieu of fruits, and it forms a part of the *price*, for which the vendor has a privilege, as well as for the principal sum.

Where the widow receives her share of the community property, and a sum of money in lieu of dower, and the disproportion between these sums and the amount to be divided among three children, does not authorize the court to say she is in necessitous circumstances, she will not be allowed a marital portion.

A minor grandchild inheriting in right of its mother, *jure representationés*, is not bound to collate the value of a slave given to it, by the deceased grandfather before the death of its mother.

This is an action of partition. The petitioner alleges that he is one of the legal heirs of William Mason, who died in the Parish of Ouachita in 1836, but formerly resided in Alabama. That the decedent left a widow by his second marriage, a minor son and a grand-daughter, residing with her father and guardian in Georgia. That most of the property to be partaken is the separate property of his deceased father acquired in Alabama, leaving only about six thousand dollars as community effects, made since his removal to this state; and that the widow is entitled to her dower, to a tract of land situated in Alabama which has been sold for ten thousand dollars.

The plaintiff further shows that the effects of his father's succession have been sold on a credit, so that the estate consists entirely of notes and money, which can be partitioned among the heirs. He prays that a new inventory and appraisement be made of the effects, which may be taken as the basis of the partition, and that experts be appointed to make the partition in presence of a notary, etc.

The guardian of the grand-daughter joined in the action of partition, and prayed that the administrator render his account; that the property be delivered up to the heirs for

WESTERN DIST.
Oct. 1838.

MASON
vs.
MASON'S WIDOW
AND HEIRS.

partition, etc. She comes in by right of representation of Charlotte Mason, deceased, who was the daughter of the decedent.

The widow of the deceased joins also in the suit for partition, and claims to have one-half of the community property, which amounted to six thousand eight hundred and thirty-one dollars; that she is also entitled to her dower in a tract of land in Alabama, sold by her late husband to the plaintiff for twelve thousand dollars; or to one-fourth of the proceeds of sale in full property according to the laws of Alabama. She further states that her husband died rich, leaving thirty-one thousand, seven hundred and ninety-three dollars in other property, now reduced to notes and cash. That she is in necessitous circumstances, having no other property than that herein set forth. She prays to be allowed the marital portion out of her husband's estate, according to the laws of Louisiana, in accordance with the 2359th article of the code.

She further alleges, that her husband made a donation, in making the sale of a tract of land in Alabama, to the plaintiff and a brother, Arthur Mason, now deceased, of one thousand dollars each, which should be collated; and propounds interrogatories to the plaintiff, to state these facts.

The under tutor of the minor son also joined in the suit for a partition.

The widow offered to amend her petition of intervention, in which she alleged that all the property of her late husband was community, and that she was entitled to one-half thereof. The court rejected this amendment, as inconsistent with the original petition, which went to admit the existence of the property in the manner set forth by the plaintiff. A bill of exception was taken to the opinion of the court upon all the evidence adduced by the parties. The judge of probates decreed as follows: " That the plaintiff, L. W. Mason, be quieted in his title to the land in Alabama, and that the widow receive the one-fourth part thereof in full property in lieu of dower, which she has relinquished, and that the price is eleven thousand dollars, including one thousand dollars donated to Arthur Mason; that the widow receive as her share

WESTERN DIST.
Oct. 1838.

MASON
vs.
MASON'S WIDOW
AND HEIRS.

of the community property, two thousand four hundred and sixty-nine dollars, and that the balance of the estate be equally divided between the three heirs; and that the grand-daughter collate two hundred and fifty dollars, the value of a slave donated to her by the decedent; and that two experts be required to partition and appraise the estate, etc."

The widow appealed from this judgment.

*M'Guire* for the appellant.

This is a suit for a partition of the estate of William Mason, deceased, in the parish of Ouachita, between the widow in community, her child, issue of the marriage, a minor represented by an under tutor, and E. Darecott a grand-daughter by a previous marriage.

2. The widow contends for half the estate as being all community, amounting, after paying charges in this state, to thirty-six thousand eight hundred and twenty-one dollars and seventy-five cents. It is admitted that she is entitled to one-third for life, or one-fourth in full property at her option in lieu of dower to a piece of land sold in Alabama. The court has decided for eleven thousand dollars, which is two thousand seven hundred and fifty dollars she having chosen one-fourth in full property.

3. The court erred in refusing her to amend her petition, claiming all the estate as community; that being the ground of the action, a change in the *amount* was no change in the nature of the claim. *Code of Practice,* 491–2. 7 *Louisiana Reports,* 94. 4 *Ibid.,* 297. 4 *Martin, N. S.,* 516. 5 *Ibid.,* 70. 8 *Ibid.,* 171, 434.

4. All property found in the estate at the dissolution of a marriage community, is presumed to be community, subject to proof to the contrary. *Louisiana Code,* 2374; here no proof was offered.

5. The court erred in not giving interest at eight per cent. in favor of the Estate *vs.* L. W. Mason, who bought the land in Alabama; as his answers to interrogatories proves it to be due, his obligation coming within the description of a promissory note, bearing interest by the laws of that state.

Western Dist.
Oct. 1838.

MASON
vs.
MASON'S WIDOW
AND HEIRS.

6. The court erred in refusing the *marital portion* to the widow, in accordance with Louisiana Code, 2359; after refusing her demand as community, as by the judgment she only gets five thousand two hundred and nineteen dollars and sixty-five cents, out of an estate amounting to forty-nine thousand seven hundred and fourteen dollars and two cents, which certainly shows her to be in *necessitous circumstances* relatively. 6 *Louisiana Reports*, 110. 3 *Martin, N. S.*, 1.

*Garrett, contra.*

*Bullard, J.*, delivered the opinion of the court.

This is an action of partition among the co-heirs of W. Mason, deceased, and the widow who was made a party is appellant from a judgment by which she was refused her marital portion, and the full amount claimed by her in lieu of dower in certain lands in the state of Alabama, sold by her husband.

One of the appellees has prayed that the judgment may be reformed, so far as it compelled her to collate the value of a slave, of which the deceased, her grandfather, made her a donation during the life of her mother, whom she represents in the succession.

The attention of the court is first drawn to a bill of exceptions, which shows that the court below refused to allow the appellant to amend her answer. In her original answer she had not denied the allegation in the plaintiff's petition, that most of the property was not common, but had alleged, that the community property, amounted only to about six thousand dollars, and thereupon based her claim to her marital portion. The amended answer alleged that the whole property left by the deceased, belonged to the community. It does not appear to us the judge erred, although he may not have given a legal reason for refusing the amendment. The first answer contained important admissions which the party could not fairly retract, and drive her adversary to prove a fact admitted expressly therein, to wit : that the husband's separate property amounted to thirty—one

*Where an intervening party admits in his petition or answer, the material facts in the plaintiff's petition, he will not be allowed to amend and deny the facts admitted, so as to put the adverse party to the proof of them.*

WESTERN DIST.  thousand seven hundred and ninety-three dollars and fifty-
Oct. 1838.    three cents.

MASON
*vs.*
MASON'S WIDOW
AND HEIRS.

Where the answers to facts and articles touching the law of another state in relation to interest, show that there is a statute law on the subject, the statute must be produced as the best evidence.

In the absence of legal proof of a foreign law concerning interest, the court will be governed by the law of Louisiana in allowing interest.

Interest is considered in lieu of fruits, and it forms a part of the *price*, for which the vendor has a privilege, as well as for the principal sum.

It is next urged, that the court erred in not allowing interest on the price of the tract of land in Alabama, at eight per cent. from the time it was due, according to the law of the state, in order to ascertain the amount to which the widow was entitled, she having elected to take one fourth of the value of the land at her husband's death, in lieu of her dower. One of the heirs who had purchased the land before his father's death, was interrogated on facts and articles touching the law of Alabama, in relation to interest. He answered that there is a statutory provision in that state, as he has understood and believes, by which interest at eight per cent may be charged on promissory notes after due, without being expressed therein. But as to other debts, he believes the Supreme Court of Alabama, has decided that interest is not chargeable without being expressed. We think the evidence insufficient to show what the law of Alabama is on this subject, because the statute ought to have been produced, and we are left ignorant whether the obligation to pay the price as expressed in the contract, would be regarded by the law of Alabama as a promissory note, on which interest could be recovered at eight per cent. In the absence of such evidence of the foreign law, we must be governed by our own, and the debt being for the price of land, would bear an interest at five per cent. from the time it became due. This interest we have holden to be in lieu of fruits, and it forms a part of the price for which the vendor has a privilege, as well as for the principal sum. See *Caldwell* vs. *His Creditors. 9 Louisiana Reports*, 265.

Instead, therefore, of one fourth of eleven thousand dollars, we think the widow was entitled to add interest at five per cent., from the time the instalments became due respectively, until her portion be paid.

The claim of the appellant for a marital portion, did not appear to the court below well founded, according to a just interpretation of article 2359 of the Louisiana Code, and according to the view heretofore taken by this court, of such

questions, we are not enabled to say it erred. See 6 *Louisiana Reports*, 110. The widow in the present case, takes her share of the property acquired in the state, together with nearly three thousand dollars, in lieu of her dower, in lands in Alabama, where the parties previously resided. The disproportion between those sums, and the amount to be divided among three children, does not appear to us such as to authorize us to say that she is in necessitous circumstances, and entitled to a further allowance.

The last question presented for our solution is, whether the minor grandchild, who inherits in the right of her deceased mother, *jure representationes*, be bound to collate the value of a slave given her by the deceased before the death of her mother. Articles 1316 and 1317 of the Louisiana Code, appear to us to leave no doubt on this point. They declare, that to make legitimate descendants liable to collation, they must appear in the quality of heirs to the succession of the ascendant, from whom they have immediately received the gift or legacy; and, consequently, grandchildren to whom a donation is made after the death of their father or mother, are liable to collate, when called to the succession of the donor jointly with the grandchildren or their uncles and aunts. But that gifts made to a grandchild by the grandfather during the life of the father, are always reputed to be exempt from collation, because while the latter is alive there is no legitimate portion due to the grandchild in the estate of the grandfather, in anticipation of which the gift may be presumed to have been made.

In these particulars, the judgment of the Court of Probates must be reformed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates, so far as it restricts the claim of the widow, on account of her dower in lands in Alabama, to the sum of two thousand seven hundred and fifty dollars, without interest, and so far as it condemns the minor Darecott, to collate the value of a slave given her by the deceased in the life of her mother, be reversed ; that the

WESTERN DIST.
Oct. 1838.

MASON
*vs.*
MASON'S WIDOW
AND HEIRS.

Where the widow receives her share of the community property and a sum of money in lieu of dower, and the disproportion between these sums and the amount to be divided among three children does not authorize the court to say she is in necessitous circumstances, she will not be allowed a marital portion.

A minor grandchild inheriting in right of its mother, *jure representationes*, is not bound to collate the value of a slave given to it, by the deceased grandfather, before the death of its mother.

widow be allowed the aforesaid sum of two thousand seven hundred and fifty dollars, with interest, at five per cent. on one half, from the 1st of March, 1837 ; and on the other half from the 1st of March, 1838, until paid ; that the claim for said collation be dismissed and rejected ; and it is further adjudged and decreed, that in all other particulars, the judgment below be affirmed, and that the case be remanded for further proceedings according to law, the costs of appeal to be paid out of the estate.