SUCCESSION OF JULIE DEROUEN—On·the opposition of F. BOURRIAQUE.

The needy surviving spouse cannot in any case take from the succession of the deceased spouse, more than a child's share.

When the surviving spouse has already inherited a deceased child's share, such survivor will not be allowed to take from the succession another's share as a marital portion.

In applying the law with reference to the marital portion, the circumstances of the surviving spouse must always be taken into account.

APPEAL from the District Court of St. Martin, *Dapré*, J.

*A. Deblanc*, for administrator and appellant. *M. Voorhies*, for opponent.

BUCHANAN, J. *Julie Derouen*, wife of *François Bourriaque*, died, leaving a separate estate of $21,282 33.

Her surviving husband appears to have had no separate estate.

There was property belonging to the community of acquets subsisting between the deceased and her surviving husband, amounting (nett) to $6100, of which her husband, of course, owned one half, or $3000.

The deceased, Mrs. *Bourriaque*, left eight children, namely, five, issue of her first marriage with one *Segura*, and three by her second husband *Bourriaque*. The share (one eighth) of each child in the succession of Mrs. *Bourriaque*, including her separate estate and her interest in the community of acquets with *Bourriaque*, was, it is evident, no more than about three thousand dollars.

Since the death of Mrs. *Bourriaque*, one of the children of her second marriage has died, and *Bourriaque*, as its father, has inherited one fourth of its share of the mother's estate, or about $750.

In addition, *Bourriaque* now claims a child's share of his wife's estate, in usufruct, as the marital portion.

It is plain that this case does not fall within the scope of the Article 2359 of the Civil Code, upon which the opponent founds his claim. The intention of the legislator, in that Article, is clear, that the needy surviving spouse shall not, in any case, take from the succession of the wealthy predeceased spouse, who has left children, more than the share which will be coming to each of those children : thus, if there be one child, the surviving spouse takes ¼ and the child ¾ ; if there be two children, the spouse takes 2-8 and each child ⅜ ; if there be three children, the spouse takes ¼ and each child ¼ ; if there be more than three children, the spouse takes the usufruct of a child's portion—which, in the present case, would not be one-seventh, as erroneously calculated by the District Judge, but one-ninth : because, by adding the spouse to the eight children, the estate must be divided into nine portions, in order to give to each an equal share. But *Bourriaque* had already a full child's portion in absolute ownership, as his interest in the marriage community. To give him more, would be to impoverish his children and step-children for his benefit, contrary to the policy of the law, which is, not to disturb the order of inheritance, but, in certain cases, to count a surviving spouse as one of the children of the deceased spouse. An evidence of that intention is found in the concluding clause of the Art. 2359, which obliges the surviving needy spouse to collate a legacy of the wealthy spouse predeceased. By parity of reason, the spouse should collate his interest in the community. In the application of the law in relation to the marital portion, the means possessed by the needy spouse are always to be

taken into account. See *Succession of Fortier*, 1st An., 105 ; Gregorio Lopez, Commentary on Law 7, tit. 13 of the 6th Partida.

The language of an *arrêt* of a French tribunal, quoted in the argument of counsel, is in accordance with our view of the law : "Mais, en allouant le quarte au conjoint pauvre, le magistrat doit surtout considérer ce qui revient aux enfans du défunt. Il n'est pas entré dans l'esprit du législateur romain de dépouiller des enfans qui souvent n'ont pas d'asile ; qui sont livrés aux soins de l'amitié secondaire de parens éloignés, indifférens peut-être ; et qui seront pendant des années sans travailler et sans pouvoir travailler—au profit d'un homme qui est toujours présumé pouvoir exploiter une industrie. En un mot, le magistrat ne doit pas faire le survivant des époux plus riche que les enfans ; ce serait injuste, contraire à la loi écrite et à la loi naturelle."

See also Art. 1745 of the Louisiana Code, in corroboration of the view here expressed.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed; that the opposition of *François Bourriaque* to the account of administration herein, be dismissed ; and that the appellee pay costs of the opposition in both courts.