## No. 13,338.

### Mrs. Charles H. Dupuy vs. Valiere P. Dupuy, Administrator, et al.

### Syllabus.

The succession of the deceased being valued at thirteen thousand dollars, and his surviving widow having received eighteen hundred dollars in cash on insurance policies in her favor at his death, she was not left in necessitous circumstances entitling her to claim the marital fourth of his estate.

#### On Rehearing.

If the husband dies owning considerable property and leaves his wife in necessitous circumstances, she is entitled to the marital fourth in usufruct, but any legacy left to her by her husband, or means for her support provided for her by him, amounting to less than one-fourth of his estate must be deducted from the amount left to his widow in usufruct.

A PPEAL from the Fourteenth Judicial District, Parish of Iberville—*Talbot, J.*

---

*Lozano & Hebert* for Plaintiff, Appellee.

---

*Hebert & Hebert* for Defendants, Appellants.

---

The opinion of the court was delivered by Watkins, J.

---

On rehearing by Breaux, J.

---

Watkins, J.    This suit is instituted by the surviving widow of Charles H. Dupuy, who died in the month of October, 1898, against his

succession and heirs, claiming that he died rich, leaving her in necessitous circumstances, and that she is entitled to receive from said estate what is termed "the marital portion".

The defense is a general denial; and further, that her husband had insured his life in her favor for the sum of $1,800, which she collected soon after his death.

On the trial, there was judgment in favor of the plaintiff, decreeing her entitled to receive one-fourth of thirteen thousand dollars as the value of the succession, after the payment of its debts, but in usufruct, only; conditioned upon her execution of bond with solvent security according to law.

It is from that judgment that the defendants prosecute this appeal.

The statement of plaintiff's counsel is, that she married the deceased in the year 1893; that she brought no dowry into the marriage, and that at the time of his death, she had no property or any means of gaining a livelihood.

That her husband at his death, left no children issue of their marriage, but that he left three children of a previous marriage. That the wife, after the death of her husband, collected eighteen hundred dollars of insurance on his life. That the succession, after the payment of all debts, is worth thirteen thousand dollars.

Defendants' counsel state that the succession of the deceased is still under administration, and no account has ever been filed. That at his death, Charles H. Dupuy left three children by a former marriage, all of whom are daughters, two of them minors.

That they resist plaintiff's claim on the ground, that she was at the time of her husband's death the beneficiary to the extent of one-half of two insurance policies on the life of her husband; one of the policies in the Pacific Mutual of California for $3,000, the other a paid up policy in the Equitable Life of New York for $600, and that the plaintiff had prior to the institution of this suit collected thereon the amount due her, of $1,800.

They aver that when the plaintiff married Charles H. Dupuy, she had nothing. That she was employed by the deceased for four years before the marriage, as a governess for his three daughters, at a monthly salary of ten dollars, and lived like the family she was serving. The plaintiff is now 41 years of age, and that her health is as good as it was before her marriage.

That plaintiff has an unmarried son, twenty-four years of age, who recovered from the succession one hundred and fifty dollars for his personal services as manager of the plantation of the deceased during the months of October and November, 1898, and that this young man is capable of earning seventy-five dollars per month. That the deceased and his family lived as people of very ordinary means, or what may be termed *"a frugal life"*.

Thereupon, defendants' counsel contend (1) that the deceased did not die rich leaving his surviving widow in necessitous circumstances, and that she is not entitled to the marital fourth; (2) that if she is entitled to the marital portion, she must take it less the amount she has received from insurance on her husband's life; that is, the sum of $1,800; (3) that the court can not decree her to be entitled to the marital portion at this stage of the proceedings in the succession and must leave the amount to be determined by the final account of administration.

The law provides, that when the wife has not brought any dowry, if the husband die rich leaving the survivor in necessitous circumstances, the latter has a right to take out of the succession of the deceased, what is called *the marital portion;* that is the fourth of the succession in full property, if there be no children, and the same portion in usufruct only, when there are but three, or a smaller number of children. R. C. C., 2382.

The question for decision is, did Dupuy die rich, leaving his widow in necessitous circumstances?

In Melancon vs. Executor, 6 La., 105, Judge Martin, speaking for the court, said:

"If the husband leaves his wife 'an annuity sufficient to enable her to live in the same style as to comfort, and elegance as persons of her rank live in, then she is not left in *necessitous circumstances.'* "

In Smith vs. Smith, 43rd Ann., 1140, the court said:

"The only question is, whether the deceased left plaintiff in necessitous circumstances. It is well settled in our jurisprudence that the terms 'necessitous circumstances' are used relatively to the fortune of her husband, and to the condition in which she lived during the marriage. As said in one case: 'In estimating her necessities, the law requires that we should take into consideration the condition of her husband and the habits of life which his ample fortune must have engendered in his family. The rule derived from the Roman and Span-

ish law in such cases is, that the surviving wife is entitled to the marital portion, unless she has the means *bene et honeste vivere,* according to the condition of her husband.' Dunbar vs. Heirs, 5 Ann., 159."

In Succession of Fortier, 3 Ann., 104, it was held, "the principle upon which the law appears to be founded is, that neither of the marital parties who have lived together in the common enjoyment of wealth and of the position which it gives, shall be suddenly reduced to want; and a part of the estate of the deceased, who has died rich, is appropriated to relieve the survivor, who, in the absence of it, would be reduced to poverty."

In Gee vs. Thompson, 11th Ann., 657, the court used this language:

"The surviving husband or wife is to have the marital fourth only " when the pre-deceased spouse died rich leaving the survivor in ne-" cessitous circumstances. * * * The common law of England " gives the surviving wife, whether rich or poor, dowry in her hus-" band's estate; * * * but our law, if less generous in this res-" pect, affords something to the necessities of the survivor. We think " it should receive a fair if not a liberal construction."

In Succession of Leppelman, 30th Ann., 468, the court observed, that "rich is a relative term. Property which would make a person, in one condition of life rich, would be inadequate to supply the wants, albeit they are artificial, of one in another condition of life."

In Succession of Derouen, 10 Ann., 675, it was held:

"The intention of the legislator, in that article, is clear, that the " needy surviving spouse shall not, in any case, take from the succes-" sion of the wealthy pre-deceased spouse, who has left children, more " than the share which will be coming to each * * * To give him " more, would be to impoverish his children, * * * contrary to " the policy of the law, which is, not to disturb the order of inherit-" ance, but in certain cases to count a surviving spouse as one of the " children of the deceased spouse.

* * * * * * *

"In the application of the law, in relation to the marital portion, " the means possessed by the needy spouse are always to be taken into " account."

In Succession of Justus, 44th Ann., 721, this court held that the right of a survivor left in necessitous circumstances to take the marital fourth is a bounty, or charity, which may be well assimilated to that in cases of necessitous widows or minors who are entitled to claim $1,000 in preference to creditors.

Dupuy vs. Dupuy, Administrator, et al.

That the right conferred by law is one in favor of a surviving consort left in impecunious circumstances, and depends on the condition of the person in whose favor it was granted.

In Succession of Rogge, 50th Ann., 1220, this court had occasion, recently, to state its interpretation of the provision of law in question.

"The principle", say the court, "upon which the right of the necessi-" tous surviving spouse to take the marital portion, the reasons, the " cause, the motive of the law in granting it, is founded upon the con-" sideration, or policy, that neither of the married persons who have " lived together in the common enjoyment of wealth and of the posi-" tion which it gives, shall be suddenly reduced to want, and accord-" ingly, a part of the estate of the opulent deceased is appropriated to " relieve the survivor, who, in the absence of it, would be reduced to " poverty".

The sense of the foregoing authorities, when carefully considered with respect to the proven facts in this case, clearly shows the plaintiff without right to recover the marital portion of her husband's estate.

At the time of his death, he was the owner of property valued at thirteen thousand dollars, approximately; but, at the same moment of time, his wife was entitled to receive and did receive, thereafter, eighteen hundred dollars in cash, on policies of life insurance in her favor.

From the same source, each of the three daughters of the deceased received six hundred dollars, only, and their respective shares of the father's estate is only three thousand two hundred and fifty dollars.

The deceased and the plaintiff led a quiet, frugal life on a plantation in the country; and prior to their marriage, the plaintiff had lived in his house as a matron, at a salary of ten dollars per month.

On this showing, our opinion is that the surviving wife of the deceased was not left in necessitous circumstances, and she is not entitled to recover the marital portion.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be anulled and reversed; and it is further ordered and decreed that the plaintiff's demands be rejected at her cost in both courts.

BLANCHARD, J., dissents, holding that the widow should be allowed the marital fourth, from which should be deducted the $1800 insurance money.

## ON REHEARING.

BREAUX, J. The opinion heretofore handed down in this case contains a complete narrative of the facts and circumstances upon which the court is called upon to act.

The late husband having left a considerable sum of money constituting the assets of his succession, and his wife being in necessitous circumstances, we think she is entitled to the marital fourth. We are led to this conclusion by the fact that in one of the reported cases, the husband left only five thousand dollars, the widow being without property, and the court held that the husband died relatively rich and that she was entitled to the marital fourth. It is true that in another case reported the wife had two thousand dollars in her own right while the estate of her husband amounted to eight thousand dollars, and the court held that she was not in necessitous circumstances. It may be, however, that a wife who has only eighteen hundred dollars and whose husband left about thirteen thousand dollars, may be considered, relatively speaking, poor and in need of aid in order to uphold as a widow, to some extent, the condition in which she lived before she had the misfortune to lose her husband.

The evidence that the plaintiff was a widow when she was married to Dupuy, and is now the mother of a grown son, issue of her first marriage, does not militate against her right to recover the marital fourth. We infer from the testimony that the said son is without means and is not in a situation to provide support for his mother. A young man, without means, is not to be considered when his mother claims the marital fourth.

The purpose of the provision regarding the marital fourth is to provide, with some certainty, for the support of the spouse left poor, and not to leave her as she would be left if she had to look exclusively to a toiling son for support or to the varying changes of fortune or hazard.

Having concluded that the eighteen hundred dollars is not enough to exclude her entirely from the right to the marital fourth, the question arises as to whether she can claim the marital fourth as if she had not collected this amount. In our view of the law, the question must be answered in the negative. This amount should be considered in fixing the rights of the parties. This, we think, was the view of the law taken in Succession of Derouin, 10 A., 675, in which the court said: "In the application of the law in relation to the marital portion,

the means possessed by the needy spouse are always to be taken into account", citing several decisions in support of this view and referring to the doctrine announced by the commentators.    It is true that this amount was not a legacy in terms left by the husband and for that reason is not expressly referred to by the word legacy in the article of the Civil Code, 2383, nevertheless it cannot be overlooked that the amount was secured by the husband who chose to make his wife the beneficiary of a policy on his life.    We think that the amount should be considered in fixing the amount of the wife's marital fourth and shall so decree.

With reference to the marriage of the usufructuary in case she should contract other matrimonial ties, we do not think that we are called upon at this time to pass upon the effect of an event which may never take place.

In deciding this case, we have not overlooked Article 1745 (Old Code), of the Code restricting the donation of the husband or wife who contracts a second or subsequent marriage.    In the Succession of Derouin, cited *supra*, passing on a smiliar question, the court incidentally directed attention to this article.    Whether it has application or not when a donation or bounty is provided by the wife under the terms of the law is of no importance here, for, after the wife shall have accounted for the eighteen hundred dollars, she will receive from the succession of her late husband, in usufruct, less than one-fifth of it.    In justice and equity, the wife may be held to account, in fixing her portion of the marital fourth, for the amount received on a policy of insurance as having to that extent relieved her from destitution, while, at the same time, it is not considered as a part of the husband's succession.    In carrying out the equitable intention of the law to provide something for the survivor, we think that the sum before stated may be considered in making up the marital fourth, although this court has carefully guarded the beneficiary's rights to a policy of insurance by excluding it from the active part of the succession, when such was the manifest intention of the insured.

In carrying out the law's policy to protect family ties, to some extent at least, by providing something for the survivor in necessitous circumstances, there is no necessity of enforcing it to the detriment of the heirs by considering the beneficiary of the marital fourth as one who must receive the amount regardless of the actual value of the property.

It is therefore adjudged, ordered, and decreed that the plaintiff, Mrs. Charles H. Dupuy, be allowed the marital portion, to-wit, one-fourth of the thirteen thousand dollars, value of the succession, in usufruct, less eighteen hundred dollars. The usufructuary is to furnish bond with solvent security, conditioned according to law, during the continuation of the usufruct. Our original opinion containing a correct statement of the facts is reinstated, also the decree, but only in so far as it recognizes that the wife is entitled to the eighteen hundred dollars on the policy of insurance, which our judgment orders to be deducted as just stated. In every other respect the re-instated judgment is reversed.

Appellee must pay costs.