Statement of the Case.
MONROE, J.
It appears from the record that Frances Coleman married Alfred Adams, who died about 25 years ago; that she then married Shed Ellis, who died; and that she then married Alfred Madison (defendant herein), with whom she lived for about 16 years, when she died. During the marriage with Adams there was acquired, in his name, a house and lot in Franklin, which was conveyed by him to one Davis, by whom, after the marriage of the widow to Ellis, it was conveyed to her, and it so stood at the date of her death. At that date there were also $70 deposited in bank in her name, and some household furniture in the residence occupied by her and her husband. In that situation plaintiff, after due proof, but -ex parte, obtained judgment recognizing her as the sole heir of Alfred Adams and Frances Coleman Adams, and ordering that she be put in possession of their estates, which, as per the inventory then taken, consisted of the house and lot which have been mentioned, appraised at $900, the $70 deposited in bank, and household effects, appraised at $40. It being found, however, that the surviving husband (defendant herein) was. in possession, the judgment so rendered was not executed, and plaintiff thereafter instituted the present (petitory) action, alleging that she is the issue of the marriage between Albert Adams and his said wife, and the sole surviving child and descendant of each of her said parents, and praying that she be decreed the owner of the real estate heretofore referred to. To this the surviving husband answers, and pleads in reconvention that he is entitled, as partner in community, to one-half of the $70 and of the household effects, with the usufruct of the other half, and, as surviving spouse in necessitous circumstances, to one-fourth of the estate of his deceased wife.
Certain parties then intervened, asserting that they were the heirs of Shed Ellis by a former marriage, that the real estate in question had been acquired during the second community, and that they had inherited his half interest therein. But the district court found that the conveyance from Adams to Davis was a simulation, and that the property belonged to the first community, and gave judgment for plaintiff, decreeing her to be the owner of the real estate sued for, and rejecting defendant’s demand for the marital fourth, which judgment, having been affirmed by the Court of Appeal, has been brought before this court for review.
In his application for rehearing defendant complained that the Court of Appeal erred in holding:
(1) That the estate of the decedent is worth only $450 or $500.
(2) That Merrick’s Rev. Civ. Code, art. 2382, applies to any child or children of the deceased, and is not confined in its application to the child or children of the particular marriage.
(3) That a colored woman who dies leaving $1,000 does not die rich, within the meaning of Merrick’s Rev. Civ. Code, art. 2382.
(4) That it erred in ignoring defendant’s claim to one-half of the $70 and of the household effects.
(5) In ignoring and failing to allow defendant’s claim for reimbursement of the funeral expenses, paid from the funds of the community.
*731 (6) In ignoring and failing to sustain defendant’s prayer that the ex parte proceedings by which plaintiff was put in possession be decreed null.
Opinion.
There is no complaint of the judgment brought up for review in so far as it holds that the conveyance from Adams to Davis was simulated, and the effect of that judgment is to establish title to the real estate in question in the community which existed between Adams and his wife, and hence in plaintiff as heir of her father for one-half, and of her mother for the other half; her filiation being proved beyond question. It follows that the estate of the decedent consisted of her half interest in the real estate, plus her half interest in the $70 on deposit, and in the household effects, shown to have belonged to the last community, and that it did not exceed $500 in value. She cannot, therefore, be said to have died “rich,” within the meaning of Merrick’s Rev. Oiv. Code, art. 2382. Plaintiff himself testifies that he consented to the expenditure of $25 upon the burial of his wife, including the purchase of a tombstone, and it is shown that the balance of the $70 deposited (with the exception of $10, which was given to him) was disposed of in the same way, with the consent of the plaintiff. Plaintiff also testifies that the household effects, acquired during the community, consisted of a bed, worth about $2.50, four chairs, worth $1 each, two rocking chairs, worth $2 each, and some pots and kitchen furniture, and that he allowed plaintiff to take what she wanted. We conclude from this that there has been an informal partition of the movables, and do not consider it affected by the judgment under consideration.
Defendant does not pray for any .action with regard to the judgment putting plaintiff in possession, and none seems to us to be necessary.
It is therefore ordered, adjudged, and decreed that the demand of the applicant be rejected, and this proceeding dismissed, at his cost.