(69 South. 151)

No. 21006.

### Succession of MORRIS.

(June 11, 1915. Rehearing Denied June 28, 1915.)

*(Syllabus by the Court.)*

1. EXECUTORS AND ADMINISTRATORS ☞178—SUCCESSION—ALLOWANCE TO WIDOW.

Under article 2382 of the Civil Code, where the surviving widow is in necessitous circumstances, and the husband died comparatively rich, the former is entitled to take the marital portion (that is, one-fourth of the succession in usufruct), where there are three or a smaller number of children of the last or former marriage of the husband.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 667, 668; Dec. Dig. ☞178.]

2. EXECUTORS AND ADMINISTRATORS ☞178—ALLOWANCE TO WIDOW.

Where the wife owns separate property, the value thereof, insufficient for her support, should be deducted from the marital portion.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 667, 668; Dec. Dig. ☞178.]

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

In the matter of the succession of George J. Morris. The account of the executrix Mrs. Annie Mallory Morris opposed. Opposition dismissed, and opponent appeals. Reversed.

See, also, 66 South. 542, 136 La. 69.

Alfred D. Danziger, of New Orleans, for appellant. L. De Poorter, of New Orleans, for appellees.

LAND, J. George J. Morris died on February 9, 1910, leaving an olographic will, instituting the three children by his first marriage as his sole heirs.

Mrs. De Poorter, one of the heirs, was confirmed as testamentary executrix, and caused an inventory of the property of the estate to be taken. Subsequently the executrix filed a final account of her administration.

This account was opposed by Mrs. Annie Mallory Morris, widow of the second marriage, who claimed the marital fourth of the estate, under article 2382 of the Civil Code.

This opposition was tried and dismissed in the court below, and the opponent has appealed.

[1] Counsel for the appellant concedes, that in order to be entitled to the marital fourth, the opponent must show: First, that the deceased died rich; and, second, that she was left in necessitous circumstances.

It is conceded that the total inventoried valuation of the estate amounts to $5,740.61.

Opponent endeavored to prove that this valuation was too low; but as the trial judge held to the contrary, and as the evidence on the subject-matter is conflicting, we see no good reasons to disturb the official valuation.

The account of the executrix shows debts and charges to the amount of $715.26, leaving a net balance of $5,025.36, one-fourth of which amounts to $1,256.33.

The testimony of the opponent shows that she, at the time of the death of her husband, owned a lot in Mississippi City, leased at $8 per month, which she had offered to sell for $1,400, and owned other real estate which she sold for $500 a month before her husband's death. Opponent testified that she used a part of this money in improving her little house by putting a roof on it and constructing a dividing fence. Opponent testifies that she had no other property or means, and was unable to work for a living on account of her defective sight.

There was no issue of opponent's marriage with George J. Morris, which seems to have proved an unhappy one.

[2] "In relation to the marital fourth, the means possessed by the needy spouse are always to be taken into account." Succession of Derouen, 10 La. Ann. 675.

In Succession of Leppelman, 30 La. Ann. 470, where the husband died worth less than $8,000, and it was shown that the widow had an interest in her mother's estate to the amount of $2,000, the court refused to allow the marital portion.

Appellant's counsel states in his brief that he was willing to rely entirely on the case of Dupuy v. Dupuy, 52 La. Ann. 875, 27 South. 287, cited by counsel for the appellees. In that case the court, it is true, said that it may be that a wife who has only $1,800, and whose husband left about $13,000, may be considered, relatively speaking, poor and in need of aid in order to uphold as a widow, to some extent, the condition in which she lived before she lost her husband. But the court applied the doctrine of Succession of Derouen, 10 La. Ann. 675, and allowed the marital fourth, less the $1,800 insurance money which had been received by the wife.

In the case at bar, as counsel for the opponent admits that the property of the surviving widow was worth about $800 or $900, there would remain only from $356 to $456 due on account of the marital fourth. The widow would take this balance as usufructuary; there being three children of the husband's former marriage. Abercrombie v. Caffray, 3 Mart. (N. S.) p. 1; C. C. 2382.

We think that we may fairly assume that the lot of the opponent in Mississippi City was worth $900. On this basis, the plaintiff would be entitled to recover $356, with legal interest from the date of her demand.

It is therefore ordered that the judgment below be reversed, and it is now ordered that the opposition of the widow of George J. Morris be maintained to the extent of $356, and that the executrix pay said sum, with legal interest from judicial demand, unto said opponent, in due course of administration, on said opponent, as usufructuary, giving bond, with solvent security, according to law; and it is further ordered that the costs of the opposition and of this appeal be paid by the succession.