Cora L. Johnson Moore died in the city of Shreveport, Louisiana, on August 11, 1940. Lucinda Johnson Freeman, a sister of decedent, together with the children and grandchildren of J.C. Johnson, deceased, a brother of decedent, alleged that they were the sole heirs of decedent and petitioned the court to be put into possession of the estate left by her and a judgment sending them into possession was signed by the District Judge on September 4, 1940.
On September 14, 1940, Alfred Moore filed this suit alleging that he was married to Cora L. Johnson, decedent, on February 17, 1923, and that he was her lawful husband at the time of her death; that she left no ascendants or descendants and only collateral heirs. That his wife died rich, leaving a separate estate consisting of real estate of a value of $3,000 and cash in a bank to the amount of $350 and there was no community property. That he is sixty-eight years old and in necessitous circumstances, owning no property of any kind and without means of a livelihood and that he is entitled to a fourth of the estate left by his deceased wife, as is provided for by Article 2382 of the Revised Civil Code of Louisiana.
It is admitted by defendants, the collateral heirs of decedent, that she left no ascendants or descendants. It is also admitted that the plaintiff is in necessitous circumstances within the intendment of Article 2382 of the Revised Civil Code. The defense is founded solely on the contention that the decedent did not die rich, as provided by said codal Article. Defendants contend that the estate left by the decedent consisted of property in the negro section of the City of Shreveport of a value of $770 and $341.16 in cash, the greater part of which cash was used to pay the funeral expenses of decedent.
The lower court found the estate of decedent to be of a value of $2,000, after deducting the funeral expenses, and that she did not die rich within the meaning of Article 2382 of the Revised Civil Code; therefore, it rejected plaintiff's demands. He is prosecuting this appeal from that judgment.
There is only one question to determine in this case and that is, — Did decedent die rich in the intendment of the codal Article No. 2382?
The lower court correctly found the value of decedent's estate to be $2,000. It consists of a lot and a half in the negro section of Shreveport, Louisiana, and has two dwelling houses on it. She and her husband lived in one house and rented the other. The rental value of both houses is approximately four to five dollars per week.
Plaintiff and his deceased spouse were of the negro race. Plaintiff's earnings were little. He preaches sometimes without pay and in the fall of the year earns a small amount picking cotton. There is little doubt about his wife giving him the greater part of his support. She furnished him a home and with the help of his small earnings, she fed him. That she could do this and also accumulate in cash the sum of $341 speaks well for her thrift and likewise demonstrates the small amount of money that was necessary to maintain them in their station of life and must be considered in determining the question involved here.
"Rich" is a relative term. Property which would make a person in one walk of life rich would be inadequate to supply the wants, albeit they are artificial, of one in another condition of life. The same rule applies in determining whether or not a person is in necessitous circumstances.
In Dupuy v. Dupuy, 52 La.Ann. 869, 27 So. 287, the court found a wife who *Page 718 
had $1,800 and whose husband left an estate of $13,000 to be in necessitous circumstances and that the husband died rich. It is true the court deducted the $1,800 from the fourth allowed her.
In Succession of Justus, 44 La.Ann. 721, 11 So. 95, the court held the right of a surviving spouse in necessitous circumstances to take the marital fourth is a bounty or charge which may well be assimilated to that in cases of necessitous widows or minors who are entitled to claim $1,000 in preference to creditors. And in Succession of Rogge, 50 La.Ann. 1220, 23 So. 933, the court, in interpreting the law in question, held the principle upon which the right of the necessitous spouse to take the marital fourth, the reasons, the cause, the motive of the law in granting it, is founded upon the consideration or policy that neither of the married persons who have lived together in the common enjoyment of wealth and position which it gives shall be suddenly reduced to want and, accordingly, a part of the estate of the opulent deceased is appropriated to relieve the survivor who in the absence of it would be reduced to poverty.
In Wimprenne v. Jouty, 12 La.App. 326, 125 So. 154, 156, the court found the husband who died leaving the widow in necessitous circumstances and an estate valued at a little more than $5,000, to have died rich within the intendment of the codal Article applicable here. In that case the court said, "Jouty's possessions, at the time of his death, were modest enough, and not sufficient under ordinary conditions to justify the use of the word `rich' in describing his condition. But all things are relative, and we are convinced that, in comparison with his wife's condition, and within the meaning of the codal provisions she relies on, he was wealthy."
The many decisions of our courts from the earliest down to date reflect the views expressed in the decisions above referred to and certainly no specific value of an estate can be fixed in order to class a deceased as rich or poor. While it is true, so far as our search through the jurisprudence of this State has revealed, that the courts have not been called upon to decide whether a deceased spouse leaving an estate valued at only $2,000 died rich or not, we cannot imagine a case more appropriate for such a decision than the one at bar.
This old negro, the plaintiff herein, is left without a shelter over his head and penniless. His earning capacity has been very limited for many years and will be less in the years to come, due to his age. In his condition it is not difficult to visualize just how large an estate of $2,000 appears to him and when we compare the conditions in the case at bar with those in the Dupuy v. Dupuy, supra, decision where the court allowed the marital one-fourth when the deceased husband left an estate of $13,000 and the wife in her own right $1,800, the comparison is all in favor of plaintiff's right in the case at bar.
This, of course, is not the proper manner in which to arrive at a conclusion for every case involving the defining of the term "rich" in Article 2382 of the Revised Civil Code must be determined on its own facts and treated relatively and comparatively and, when that is done in this case, there is but one conclusion to reach and that is that the deceased died rich and plaintiff is entitled to take the marital one-fourth from her estate.
It therefore follows that the judgment of the lower court is reversed and there is now judgment for plaintiff recognizing him as a surviving spouse in necessitous circumstances and entitled as such to one-fourth of the estate left by his deceased spouse who died rich, and awarding him one-fourth of the estate of his deceased spouse, Cora L. Johnson Moore, consisting of the E 1/2 of Lot 78 and Lot 79, Mt. Zion Subdivision, Shreveport, Caddo Parish, Louisiana, and $89.16 in cash and all other personal property she died possessed of; all costs to be paid by defendants.
TALIAFERRO and HAMITER, JJ., concur. *Page 719