240 So.2d 6 (1970)
Cora SMITHERMAN, Plaintiff-Appellee,
v.
Hoye SMITHERMAN et al., Defendant-Appellant.
No. 11469.
Court of Appeal of Louisiana, Second Circuit.
September 15, 1970.
Fish & Montgomery, by Roy M. Fish, Springhill, for defendant-appellant.
Leon H. Whitten, Jonesboro, for plaintiff-appellee.
Before AYRES, BOLIN and PRICE, JJ.
AYRES, Judge.
This is an action by a surviving widow, as originally instituted, to recover, out of the estate and succession of her deceased husband, the widow's homestead of $1,000 provided by LSA-C.C. Art. 3252, or, in the alternative, to recover a child's portion in usufruct only under the provisions of LSA-C.C. Art. 2382. The principal demand was abandoned and there was submitted to the trial court only plaintiff's alternative demand.
After trial there was "judgment herein in favor of Cora Smitherman and against the defendants, Hoye Smitherman and *7 Earline Smitherman Woodard, insofar as their virile portion of the estate of E B. Smitherman is concerned, granting unto plaintiff the marital portion which she is entitled by law, said marital portion being an undivided one-sixth (1/6) interest in all property belonging to the Succession of E. B. Smitherman, in usufruct, subject to plaintiff posting the security as required by law." From this judgment, defendants appealed.
This controversy presents a question as to whether, under the provisions of the codal Art. 2382, the husband died rich, leaving the widow in necessitous circumstances. This article, in pertinent part, provides:
"When the wife has not brought any dowry, or when what she brought as a dowry is inconsiderable with respect to the condition of the husband, if either the husband or the wife die rich, leaving the survivor in necessitous circumstances, the latter has a right to take out of the succession of the deceased what is called the marital portion; that is, the fourth of the succession in full property, if there be no children, and the same portion, in usufruct only, when there are but three or a smaller number of children; and if there be more than three children, the surviving, whether husband or wife, shall receive only a child's share in usufruct, and he is bound to include in this portion what has been left to him as a legacy by the husband or wife, who died first."
A review of the facts established in the record must be gauged by the rule of law established by and from the quoted language of the Code.
E. B. Smitherman, by his first wife, was the father of six children. During the existence of the community of acquets and gains existing between him and his first wife, Smitherman acquired a tract of land comprising 61 acres, more or less, situated in Jackson Parish. After the death of his first wife, Smitherman, in 1941, married plaintiff, Mrs. Cora Smith Smitherman. They lived together as husband and wife until his death in 1963. No children were born of this second marriage. Smitherman's six children inherited the community interest of their mother in the 61-acre tract of land at her death, and, upon his death, inherited his interest therein. During a period of time extending from 1965 to 1967, the six children sold, either directly or through mesne conveyances, the whole of their inheritances in and to the 61-acre tract to third persons, notably J. D. Aldy and J. Earl Alexander. This action was instituted in 1968. One of defendants sold his share in the land, in 1965, at a price of $200 per acre; the other defendant, who sold her interest in 1967, received a price of $300 per acre. It was stipulated that, as of the dates of these sales, the property was worth, at the time of the sales, the price per acre received by these defendants. The record is void of any evidence as to what the value of the property was at Smitherman's death. There is no showing in the record of any assets belonging to the Smitherman estate at his death except his one-half interest in the 61-acre tract of land.
The record also establishes, and plaintiff so testified, that at the time of her husband's death she owned a house and lot, comprising an area of one acre, as her separate and paraphernal property, valued at $3,000. In addition, she admitted owning miscellaneous assets valued at the sum of $200. Moreover, plaintiff was receiving, and had received for some time, a pension or allowance from the Government because of the death of a son, by her former marriage, in the military service of the United States. This allowance at Smitherman's death was $75 per month. This allowance was being paid when this suit was tried.
Thus the value of the Smitherman property, approximately two years after his death and at the closest date thereto that any evaluation was placed upon it, was $6,100. The value of plaintiffs' separate property was $3,200 at Smitherman's death. *8 In fact, plaintiff testified that some time thereafter she sold the house and lot to another son of hers, by her former marriage, for a price of $3,000.
The word "rich," as applied to the circumstances of a deceased spouse, and the words "necessitous circumstances," as applied to the surviving spouse, under LSA-C.C. Art. 2382, are relative terms. Thus, the value of the assets of one must be compared with the value of the assets of the other in determining whether a deceased husband died "rich" and whether the surviving widow was left in "necessitous circumstances." A review in this respect of representative decisions is deemed appropriate in a comparison between the value of the property left by Smitherman and the value of the separate property owned by the surviving widow. These were, as heretofore stated, $6,100 and $3,200, respectively, plus an allowance or pension of $75 per month. These cases, the ratio of the values of which are compared to the ratio of the values of the property presently concerned, are as follows:

 Property Property
 Case of deceased of survivor
Mason v. Mason's Widow
 and Heirs,
 12 La. 589 (1838) $31,793 $8,000
Succession of Fortier,
 3 La.Ann. 104 (1848) 26,000 1,100*
Melancon's Widow v. His
 Executor,
 6 La. 105 (1833) 5,000 1,000*
Succession of Derouen,
 10 La.Ann. 675 (1855) 21,282 3,000
Gee v. Thompson,
 11 La.Ann. 657 (1856) 31,000 1,180*
Succession of Leppelman,
 30 La.Ann. 468 (1878) 8,000 2,000
Dupuy v. Dupuy,
 52 La.Ann. 869, 27 So.
 287 (1899) 13,000 1,800*
Crockett v. Madison,
 118 La. 728, 43 So. 388
 (1907) 500 70
Succession of Morris,
 137 La. 719, 69 So. 151
 (1915) 5,025 900*
Succession of Blackburn,
 154 La. 618, 98 So. 43
 (1923) 30,000 500*
Moore v. Succession
 of Moore
 7 So.2d 716 (La.App.
 1942) 2,000 none*

The asterisk denotes that the deceased was held to have died "rich."
The smallest ratio which the courts have recognized in holding that the deceased *9 spouse died rich is five-to-one in the Melancon and Morris cases. In all other cases referred to hereinabove it will be noted that the ratio was greater. Even though the ratio was greater in Crockett v. Madison, nevertheless the court found that an estate of $500 was insufficient to hold that the deceased had died rich. Apparently, no specific test has been accepted as a guide in determining this question.
In cases where the ratio has been smaller than five-to-one, other reasons have been assigned for holding that the deceased did not die rich. For instance, in the Mason case the marital fourth was refused because each of the three children would get a little more from the husband's estate than the value of the surviving wife's property. Thus the court did not compare the value of the property of the spouse to determine whether the deceased died rich, but rather compared the value of the inheritance of the children with the value of the property of the survivor. A similar comparison was made in the Derouen case.
With respect to the question of the surviving spouse's necessitous circumstances, the court has compared the conditions to which the surviving spouse was accustomed with the condition in which her property would enable her to live after the death of the deceased.
In finding, in the instant case, that the deceased husband was rich and the surviving widow was in necessitous circumstances, the court cited, with approval, Moore v. Succession of Moore, supra. This authority is primarily relied upon by plaintiff-appellee. There it was alleged that the wife died rich, leaving the husband in necessitous circumstances. The deceased was the owner of two houses and lots valued at $2,000 which were rented for small monthly stipends. She also left $341.16 in cash. They lived in one house and rented the other. The rental value of both houses was approximately $4 to $5 per week. The husband was indeed in necessitous circumstances; he had no property of his own. His wife furnished him a home and, with the help of his small earnings as an infrequent preacher and a cottonpicker in the fall, fed him.
"Rich," as heretofore noted, is a relative term. Property which would make a person in one walk of life rich would be inadequate to supply the wants of one in another condition of life. The same rule applies in determining whether or not a person is in necessitous circumstances.
In view of the authorities to which we have referred, we are constrained to hold that the surviving widow in the instant case is not entitled to be recognized as a widow in necessitous circumstances, and that her husband died rich within the intendment of the provisions of LSA-C.C. Art. 2382. The value of the property left by him was something less than twice that owned by plaintiff in her own right.
Thus, we have considered only the questions pertaining to whether decedent died rich and the surviving widow was left in necessitous circumstances. There are other questions impressed upon us, notably by their absence. For instance, no showing has been made that only two of the six heirs of the decedent are authorized to stand in judgment; nor has it been explained how a surviving widow's usufructuary right in a child's portion of an estate may be recognized and enforced in an action against only two of the six heirs or when the entirety of the succession property has passed to the ownership of third persons not parties to the action.
The judgment appealed is, in our opinion and for the reasons assigned, erroneous, and it is now annulled, avoided, reversed, and set aside, and plaintiff's demands are rejected at her costs.
Reversed and rendered.