BOUTALL, Judge.
This is an appeal from a judgment granting a surviving spouse the marital portion provided for in article 2382, Louisiana Civil Code.
The decedent, George W. Harris, married Julian (sometimes referred to in the record as Julia and Julien) Flowers in Belize, British Honduras, on September 15, 1966. Thereafter they returned to Mr. Harris’s home in New Orleans to establish their matrimonial domicile. Domestic problems arose between them, and on June 17, 1969 Mrs. Harris left the matrimonial domicile. The reason for her leaving is in question here. However, on August 29, 1969. George Harris filed a petition for separation against Mrs. Harris alleging abandonment and was granted a judgment of separation a mensa et thoro on June 9, 1970.
George Harris died testate on January 7, 1971. His Will was made on January 27, 1966, eight months prior to his marriage to Mrs. Harris, and made no provision for her. The decedent had no children and his parents had predeceased him. He left the sum of $1,000.00 each to seven persons and the sum of $500.00 each to five others. All of the remainder of his property was left to Judy Marie Williams Newman, who is the appellant herein. The succession was opened by the testamentary executor, who has apparently taken no sides in this dispute between the surviving spouse and the residual legatee.
The issues before us arfe whether the widow meets all of the requirements of the law as set out in Civil Code article 2382 as well as the case of Malone v. Cannon, 215 La. 939, 41 So.2d 837 (1949). The Codal article provides that if either the husband or the wife die rich, leaving the survivor in necessitous circumstances, the latter has the right to take out of the succession of the deceased what is called the marital portion, here a fourth of the succession. To these requirements are added the holding of the Malone case reciting that the marital portion is not recoverable where the spouses were living separate and apart, with their marital relationship severed, at the time of and for a substantial period prior to the dissolution of the marriage by death, unless the separation be caused solely by the conduct and acts of the decedent.
We have no difficulty in determining that the husband died relatively rich, and that the widow was in necessitous cir *327 cumstances. The record shows that Mr. Harris at his death owned a house and lot in which he lived, stipulated to be worth $15,000, and in addition had a bank account in the amount of $6,116.94. There is considerable question in this record as to the ownership of the bank credit, which has been withdrawn and held in possession by a Mrs. Crumes. However we find it unnecessary, and indeed it is impossible without joinder of Mrs. Crumes, to determine the ownership of the bank credit. The word “rich” in article 2382 is a relative term and the value of the decedent’s estate must be compared to the financial situation of the survivor at that time. The surviving spouse has no real property or personal property, has had to seek charitable aid from a neighbor, and at the time in question had only a job as a maid earning $30.00 per week, plus a few extra dollars that she may pick up by baby sitting occasionally for her employer. We refer to the case of Smitherman v. Smitherman, 240 So.2d 6 (La.App. 2d Cir. 1970) for a listing showing the relative positions of the decedent and surviving spouse in the prior jurisprudence. We have no hesitancy in finding that the husband died rich and that the surviving spouse is in necessitous circumstances within the definitions of article 2382 of the Louisiana Civil Code.
The next issue is the prohibition of recovery by the surviving spouse where the spouses are living separate and apart, as stated in the case of Malone v. Cannon, supra. It is uncontested that the parties married on September 15, 1966, and lived together until June 17, 1969. The question of fault for that separation is contested, and there has been placed in evidence the record in the separation suit brought by the decedent, and particularly the judgment of default confirmed on June 9, 1970. Appellant relies upon this judgment, together with testimony of witnesses that the parties to the marriage had not lived together since the June 1969 separation. The widow on the other hand has introduced evidence to show that the judgment of separation is a nullity, or at least not yet effective, that the separation was solely Mr. Harris’s fault, and further that there had been a reconciliation between the parties. The trial judge did not render written reasons and we are unable to examine whether he found that there was an invalid separation judgment, whether there was a reconciliation, or whether he simply found that the separation was due to no fault of appellee.
Mrs. Harris contends that the suit which was filed, was not to be prosecuted by her husband due to resumption of friendly relations between them. She contends the amended petition which was filed had never been served upon her, nor had the judgment of default been served upon her, and that she had no knowledge that the proceedings had continued, despite the fact that she had engaged an attorney to represent her. The record in that proceeding shows that these contentions are correct. The judgment is subject to a suit for nullity because of the lack of service of the amended petition, and since no service of the judgment has been made, of course the matter is still open to attack. However, since the marriage has now been terminated by the death of Mr. Harris, the issue has become moot except as to the effect that such a judgment might have upon the rights of the parties in this case. We see no reason why Mrs. Harris cannot introduce evidence in this case showing that the separation was not her fault, but that of her husband.
The evidence in the record clearly preponderates that the reason why Mrs. Harris left the matrimonial domicile was because her husband beat her up, threw her out, and refused to buy her any food. Since occurrences of physical battering had taken place previously, she was afraid to stay with her husband for fear of another such episode; and because of his refusal to feed her, she stayed with a nearby neigh *328 bor. A finding of freedom from fault on behalf of Mrs. Harris and of sole fault on Mr. Harris is justified by the record.
In examining the record relative to reconciliation, we note that wc have the positive testimony of Mrs. Harris that she did in fact continue matrimonial relations with her husband and helped take care of his house, clean his clothes, etc., and was in fact taking care of him at the time of his death. She produces a corroborating witness. As opposed to this, appellant has produced several witnesses whose testimony is to the effect that they did not see Mrs. Harris return to the matrimonial domicile except on isolated occasions to retrieve her personal clothing, etc. If the trial judge based his recognition of the surviving spouse’s right to the marital portion on a finding of reconciliation, we cannot say that such a finding was manifestly erroneous.
Considering the above stated facts, we are of the opinion that the surviving spouse has met thejest stated in the case of Malone v. Cannon, supra, and that she is entitled to the marital portion.
The other main issue before this court is that the surviving spouse requested a periodic allowance permitted her under article 2382 until such time as the judgment of possession is effected in the succession. The trial judge in the judgment appealed from reserved her right to ask for this determination pending the administration of the Succession. As we view the record before us there are no liquid assets from which such an allowance can be paid. The only assets of the Succession that are demonstrated to us are the house and lot owned by the decedent, and the bank account mentioned above, from which a third party has taken the funds. There is nothing in the record to show that these funds have been recovered or returned voluntarily, or that there is any income coming from the real estate. In view of this we think it within the discretion of the trial judge to withhold determination of the allowance until such time as it is shown that an allowance can be paid out of the assets of the Succession.
For the foregoing reasons the judgment appealed from is affirmed. Costs of this appeal shall be paid by appellant.
Affirmed.