816 So.2d 988 (2002)
SUCCESSION OF Percy ADAMS, Jr.
No. 02-0005.
Court of Appeal of Louisiana, Third Circuit.
May 8, 2002.
*989 Michael Eugene Kramer, Winnsboro, LA, for Administrator/Appellee: Melvin Adams.
Josiah William Seibert, III, Vidalia, LA, for Respondant/Appellant: Doris Adams.
Court composed of MARC T. AMY, MICHAEL G. SULLIVAN and GLENN B. GREMILLION, Judges.
AMY, Judge.
The decedent's wife seeks the marital portion of her deceased husband's estate. The administrator of the estate opposes the wife's claim. The trial court denied the wife a marital portion after comparing all of the wife's property to that of the deceased. The wife appeals, arguing that the trial court erred in considering property that she owns outside of the State of Louisiana. We affirm.

Factual and Procedural Background
Percy Adams, Jr. and Doris Adams were married on February 14, 1998 and were residents and domiciled in the State of Mississippi. On July 21, 1998, Mr. Adams died in Mississippi. Subsequent to Mr. Adams' death, Melvin Adams, Mr. Adams' son from a previous marriage, petitioned the Seventh Judicial District, Parish of Concordia and was named administrator of the succession.
Mr. and Mrs. Percy Adams, Jr. entered into an antenuptial property agreement prior to their February 1998, wedding. However, the agreement only pertained to the parties' Mississippi property. At the time of Mr. Adams' death, he owned certain immovable property in Concordia Parish, Louisiana. Presently, Mrs. Adams does not have any assets in Louisiana.
On July 30, 1999, Melvin Adams filed a Petition to Determine Claim, in Concordia Parish, citing that he had reason to believe that Mrs. Adams would seek the marital portion against the estate. On September 14, 1999, Mrs. Adams answered Melvin's *990 petition and stated that she would make a claim for the marital portion.
The case was submitted to the trial court by written brief without oral arguments. The trial court ruled that all of Mrs. Adams' assets, including her Mississippi assets, should be considered when determining the marital portion. Thus, the trial court determined that Mrs. Adams was not entitled to a marital portion of Mr. Adams' Louisiana assets because Mr. Adams did not die rich in comparison to Mrs. Adams.
Mrs. Adams appeals, arguing one assignment of error. Namely, Mrs. Adams argues that her assets outside of the State of Louisiana should not be considered when determining the marital portion. For the following reasons, we affirm the decision of the trial court.

Discussion
Mrs. Adams asserts that she is entitled to a marital portion because her late husband died rich in comparison to herself, regarding their Louisiana assets. Specifically, Mrs. Adams argues that her Mississippi assets should not have been considered by the trial court in determining whether she is entitled to the marital portion of her late husband's succession.
La.Civ.Code art. 2432 provides that "[w]hen a spouse dies rich in comparison with the surviving spouse, the surviving spouse is entitled to claim the marital portion from the succession of the deceased spouse." Accordingly, La.Civ.Code art. 2433 explains, in part, that the "marital portion is an incident of any matrimonial regime and a charge on the succession of the deceased spouse." Additionally, La. Civ.Code art. 2434 states:
The marital portion is one-fourth of the succession in ownership if the deceased died without children, the same fraction in usufruct for life if he is survived by three or fewer children, and a child's share in such usufruct if he is survived by more than three children. In no event, however, shall the amount of the marital portion exceed one million dollars.
While there is not a definitive test to determine when a spouse is entitled to the marital portion, the marital portion will usually be awarded when the comparison of assets show a ratio of one to five or more in favor of the deceased spouse. Smitherman v. Smitherman, 240 So.2d 6 (La.App. 2d Cir.1970).
In the present case, Mrs. Adams argues that her Mississippi assets should not be considered by a Louisiana court to determine whether her husband died rich in comparison to her. However, by doing so, the Louisiana courts are not exercising jurisdiction over the Mississippi assets. The courts are simply considering the Mississippi assets to determine Mrs. Adams' patrimonial assets. According to the record, the decedent's total Louisiana assets are estimated at $546,383.00. Throughout Mrs. Adams' July 14, 2000 deposition, she testified as to the money she had in different bank accounts, certificates of deposit, her immovable property, and other sources of income. The record does not reveal an accounting of the total assets of Mrs. Adams or the deceased. However, Mrs. Adams' bank statements, cancelled checks, and 1998 income tax returns were included in the record. The trial court concluded and the parties reached an agreement, in the October 15, 2001 stipulated final judgment, that when reviewing all of the evidence "given that the value of the assets of Doris Adams situated in the State of Mississippi are greater than one-fifth (1/5) of the total assets of the Estate of Percy C. Adams, Jr. situated in both the States of Mississippi and Louisiana, and as required by the official commentary to Article 2432 *991 of Louisiana Civil Code" that Mrs. Adams was not entitled to receive a marital portion.
After a review of the record, we find the trial court's reasoning both legally correct and equitable. To pick and choose which assets are applicable in a given situation would provide an inequitable outcome or the possibility of manipulation of La.Civ. Code art. 2432 which may circumvent the basis for the marital portion. Thus, we conclude that all of Mrs. Adams' assets, including those situated outside of the State of Louisiana, were correctly considered by the trial court.

DECREE
For the above reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to Doris Adams.
AFFIRMED.