## SUCCESSION OF FORTIER.

Where a wife dies without issue, leaving a successsion valued at $26,000, and the only property of the husband, who was twenty six years old, and healthy, but without any profession or calling, consists of two slaves of the value of $1,100, the property will be considered as inadequate to his support, and that fact will entitle him to claim, under art. 2359 of the Civil Code, one fourth of the succession of his wife. *Per Curiam:* The object of the law is, to provide for the support of the survivor out of the property of the deceased, without reference to his ability to support himself by his personal industry; and the only question that can arise is, as to the sufficiency of the pecuniary means of the husband for his support.

APPEAL from the Second District Court of New Orleans, *Canon,* J.
*Le Gardeur,* for the appellant. The husband is shown to have been in *necessitous* circumstances, in the sense of article 2359. "*La pauvreté ne consiste pas á n'avoir précisément rien ; on est estimé pauvre quand on n'a pas ce qui est nécessaire pour vivre selon son état.*" See a decision reported by Merlin, Rep. de Jurisp. *verbo* Quart de Conjoint Pauvre, p. 690. The 53d novel of Justinian declares : "Etiam hic servandis similiter quidem in *viris,* similiter autem in mulieribus, *communem namque etiam hanc super eis ponimus legem.*" The object of that law was to relieve the poverty of the survivor out of the fortune of the decedent: "*et inopia conjugis per divitias salvetur alterius.*" Lopez, in his commentary on the law 7, tit. 13, of 6th Partida, makes the following remarks: Licèt uxor pauper esset *industriosa, et manibus suis posset victum lucrari,* adhuc habebit istam quartam, cùm hæc lex se referat ad ea, *quæ habeat in facultatibus propriis,......quia ista quarta datur in honorem præteriti matrimonii ut conserventur conjuges in solito statu.*" Febrero, in his "Tratado de Participiones," vol. 2, p. 296, no. 175, speaks nearly to the same effect : Corresponde à la viuda pobre la quarta marital, aun que con su trabajo pueda alimentarse, *porque se la concede en honor y por consuelo del matrimonio perdido,* para que conserve casta viudedad, *y su trabajo no es seguro.*"

The applicability of these rules to the surviving husband under our laws, is obvious: 1st, because art. 2359 makes no distinction between husband and wife, and the principle is well settled that "*ubi lex non distinguit, nec nos distinguere debemus;*" 2nd, because the reason of those rules applies with equal force to a surviving husband who has no property adequate to his support. Why is the marital portion given to the survivor? It is given him *in honorem præteriti matrimonii, ut conserventur conjuges in solito statu.* Why is he entitled to that portion, even when he has a profession and is capable by his labor to provide for his maintainance? Because his labor is uncertain, *su trabajo no es seguro,* and the law wishes him to be in possession of secured and substantive means, *ea quæ habeat in facultatibus propriis.*

*Grima,* for the opponents, contended that the appellant was not in the necessitous situation contemplated by art. 2359, as entitling him to a fourth of the succession of his deceased wife.

The judgment of the court was pronounced by

KING, J. *Valcour Fortier* presented to the District Court his account as administrator of the succession of his deceased wife, Catharine Delphine Labranche, in which, as well as in the accompanying petition, he claimed one fourth of the estate of the deceased, in full property, as the marital portion, averring that his wife had died without issue, and that he was in necessitous circumstances. An opposition was filed by several of the heirs, contesting the right of the surviving husband to the marital portion. The opposition was maintained, and *Valcour Fortier* has appealed.

The account presented shows that the estate of the deceased amounted at her death, to more than $26,000. From the evidence it appears that the only

property of the husband consists of two slaves, one of them infirm, and both
valued at only $1,100. He is a young man without profession or calling of any
kind, has never followed any pursuit as a means of support, and since the death
of his wife has lived at the house of a friend free of charge. Efforts made by a
friend to procure him employment have proved unavailing, in consequence of
his ignorance of the english language. His property is inadequate to his sup-
port. These are the principal facts in the case. The district judge states
the reasons upon which he founds his judgment, in the following words: " The
survivor is a young man, twenty six years of age, and healthy. He has no
charge except his own maintenance, and has two slaves. In this country he
cannot be called *necessitous*, according to the word used in the Civil Code, art.
2359, which word would certainly apply to a woman in similar circumstances.
Let the opposition be maintained," &c.

It is conceded that the right to the marital portion given by the 2359th art. of
our Code, extends to the husband as well as to the wife. The law makes no dis-
tinction. The circumstances which would authorise the claim on the part of
the wife, would equally authorise it on the part of the husband. If the object
of the law were only to provide for the survivor who was unable, by industri-
ous pursuits, to support himself, and was without other adequate means of sup-
port, the opinion of the district judge would undoubtedly be correct. But the
rule, under the text of our Code, which establishes a perfect reciprocity or
right in this respect between the spouses, would extend also to the wife. The
principle upon which the law appears to be founded is that, neither of the mar-
ried parties who have lived together in the common enjoyment of wealth and
of the position which it gives, shall be suddenly reduced to want: and a part of
the estate of the deceased, who has died rich, is appropriated to relieve the
survivor, who, in the absence of it, would be reduced to poverty. 53d Novel
of Justinian. Merlin, *verbo* Quart de Conjoint Pauvre. Gregorio Lopez, Com.
on law 7, tit. 13, part 6. The object of the law is to provide a support
out of the *property* of the deceased, without reference to the ability of the
survivor to support himself by his industry or personal exertions alone. The
only question that can arise is, as to the sufficiency of the pecuniary means of
the husband for his support. The evidence shows that they are inadequate;
and this fact, in our opinion, entitles him to the one fourth part of the succes-
sion of his wife, who died comparatively rich, and without issue.

The judgment of the District Court is therefore reversed. It is further or-
dered that *Valcour Fortier* have judgment for, and recover, one fourth of the
succession left by his deceased wife, *Catherine Delphine Labranche*, in full pro-
perty ; the appellees paying the costs of this appeal.