## Armstrong *v.* Steeber, Curator, et al.

To entitle a surviving wife to claim from the succession of her husband the marital fourth under art. 2359 of the Civil Code, she must prove that her husband died rich, and that she was left by his death in necessitous circumstances. A wife who had abandoned her husband for several years before his death to live in concubinage with another, cannot be said to have been left by him in necessitous circumstances within the meaning of that article.

3 713
ø108 543

APPEAL from the Second District Court of New Orleans, *Canon*, J. *Collins* and *Sever*, for the appellant. *Molloy*, *Watts* and *Spring*, for the defendants. The judgment of the court was pronounced by

Rost, J. The plaintiff claims the marital portion from her husband's succession, under art. 2359 of the Civil Code. Her claim is resisted on the following grounds: 1st. That she is not in necessitous circumstances, but has ample means of living.

2d. That she abandoned her husband several years before his death, and has been living ever since in open concubinage with other persons. There was judgment against her and she has appealed.

The marital portion was first allowed by the 53d and 117th Novels of Justinian, and forms the subject of law 7th, title 13th, of the 6th Partida: "It was established, says Gregorio Lopez, *in honorem præteriti matrimonii*, and in order that the widow might *bene et honeste vivere*."

Under the facts disclosed by the record, the present case surely does not come within the reason and spirit of the law, nor do we think the letter of it more favorable to the plaintiff's pretensions. Before she can recover, she must show affirmatively that her husband died rich, and that she was left, *by his demise*, in necessitous circumstances. The evidence of the first of these facts is not satisfactory, and the second is disproved. She had left her husband several years before his death, to abandon herself to the life of profligacy congenial to her. She did not go near him in his last illness, and suffered him to die, uncared for and alone. Her situation was no more affected by his death than that of other abandoned women in this city. He did not, therefore, leave her in

ARMSTRONG
*v.*
STEEBER.

necessitous circumstances within the meaning of the article of the Code on which she relies, and she has no claim against his succession.

*Judgment affirmed.*