VIRGINIA HARPER *v.* ALBERT PIERCE.

Where the evidence shows that an act of sale was intended as an act of donation, and it is clothed with the formalities required by law for the validity of donations *inter vivos*, effect will be given to it as a donation.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J. *Mott & Fraser,* for plaintiff. *T. J. & A. G. Semmes,* for defendant and appellant.

LAND, J. The plaintiff, the natural tutrix of *Sidney Prieur Harper,* a minor, instituted this suit for the recovery of a slave, which had been sold to said minor, by notarial act passed on the 19th of June, 1849.

It appears that *David Kinney,* the vendor of the minor, afterwards, to-wit, on the 9th of May, 1850, sold the same slave to *Thos. J. Frisby,* by act under private signature, for the price of six hundred dollars; and that in June, 1853, *Frisby* sold the slave to the defendant for the price of one thousand dollars. That judgment was rendered in favor of the plaintiff for the slave, but on appeal by the defendant to this court, the judgment was reversed and the cause remanded for a new trial, with instructions to the Judge to receive testimony to prove that the price of the sale from *David Kinney* to the minor, *Sidney Prieur Harper,* was not in fact paid. See 13 An., p. 341.

The case is again before this court, on the appeal of the defendant from a judgment in favor of the plaintiff for the recovery of the slave. The testimony to prove that no price was paid by the minor in the sale to him, was introduced by the defendant on the second trial of the case in the court below; but this testimony is a two-edged sword, for whilst it proves that no price was paid, it establishes that the act of sale itself was intended by *David Kinney,* as an act of donation of the slave to the minor.

The sale, considered as a donation, is clothed with the formalities required by law for the validity of donations *inter vivos;* it was passed before a Notary Public and two witnesses, and was accepted by the father of the minor. The law declares, that a donation duly accepted is perfect by the mere consent of the parties; and the property of the objects given is transferred to the donee, without the necessity of any other delivery. C. C. Art. 1537.

The plaintiff is entitled to the benefit of the testimony which the defendant offered, showing the real nature of the transfer of the slave to the minor. As the transfer divested *David Kinney* of title, he had none to convey to *Thos. J. Frisby,* under whom *Albert Pierce,* the defendant, claims to be the owner of the slave. *Sémère* v. *Sémère,* 12 An. 681.

This view of the case renders it unnecessary to consider the bill of exceptions taken by the defendant to the introduction of testimony by the plaintiff on the second trial of the case in the court below.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.