(91 South. 53)

No. 23154.

Succession of GUILLON.

(June 15, 1921. On Rehearing, Feb. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Descent and distribution** ⬯⟹52(1)—**Succession; when survivor entitled to marital fourth under statute stated.**

Under Civ. Code, art. 2382, providing that, if either husband or wife die rich, leaving the survivor in necessitous circumstances, the latter has a right to take a fourth of the succession, in order that a survivor may claim the marital fourth the following facts must exist:

A marriage; husband or wife must die rich; party dying must leave survivor in necessitous circumstances; and there must be no children.

2. **Descent and distribution** ⬯⟹52(3)—**Succession; surviving husband held entitled to marital fourth under statute.**

A husband who married his wife while she was in the last stages of tuberculosis, dying 19 days thereafter, childless, leaving an estate of $16,307.49, *held* entitled to his marital fourth under Civ. Code, art. 2382, providing that, if either the husband or wife die rich, leaving the survivor in necessitous circumstances, the latter may take a fourth of the succession, it appearing that before his marriage he was employed at $30 a week, and after his wife's death secured employment at $21 a week; it not being necessary that the married life of the spouses last for any specified term.

Provosty, C. J., and Overton and Baker, JJ., dissenting.

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; John E. Fleury, Judge.

Proceedings by the testamentary executor of Jeanne Marie Guillon, deceased wife of Frank E. Fagot, Jr., for the allowance of his final account, opposed by Frank E. Fagot, Jr. From a judgment in favor of opponent, the executor and universal legatee appeal. Affirmed on rehearing.

E. J. Meral, of New Orleans, for appellant universal legatee.

Felix J. Puig, of New Orleans, for appellant executor.

C. A. Buchler, of Gretna, for appellee.

PROVOSTY, J. The final account of the testamentary executor is opposed by the husband of the decedent, who claims one-fourth of the succession by virtue of the following article of the Civil Code:

"Art. 2382. When the wife has not brought any dowry, or when what she brought as a dowry is inconsiderable with respect to the condition of the husband, if either the husband or the wife die rich, leaving the survivor in necessitous circumstances, the latter has a

right to take out of the succession of the deceased what is called the marital portion; that is, the fourth of the succession in full property, if there be no children, and the same portion, in usufruct only, when there are but three or a smaller number of children; and if there be more than three children, the surviving, whether husband or wife, shall receive only a child's share in usufruct, and he is bound to include in this portion what has been left to him as a legacy by the husband or wife, who died first."

To be married to opponent the decedent was taken out of bed and put in an easy chair, and within a few hours was put back into the bed, and without having left it died 19 days thereafter of tuberculosis. She left an estate valued at $16,307.49.

The opponent had been courting her for some 3 years. He lived with his parents, owned no property, and was agent for an insurance company at a salary of $30 a week. A few days before his marriage he resigned from this position. After his marriage he lived at the house of his wife until her death, and was without employment. He then secured employment at the race track at $21 a week.

Interpreting the said article 2382, this court, in the case of Succession of Rogge, 50 La. Ann. 1229, 23 South. 936, said:

"The principle upon which the right of the necessitous surviving spouse to take the marital portion, the reasons, the cause, the motive of the law in granting it, is founded upon the consideration, or policy, that neither of the married persons, who have lived together in common enjoyment of wealth and of the position which it gives, shall be suddenly reduced to want, and, accordingly, a part of the estate of the opulent decease is appropriated to relieve the survivor, who, in the absence of it, would be reduced to poverty. Succession of Fortier, 3 La. Ann. 105, Pickens v. Gillam, 43 La. Ann. 350.

"But as to his or her right to take the marital fourth, the surviving spouse is not an heir and the portion entitled to is not an inheritance. It is, therefore, not a vested right, nor is it a debt; it is a gift, a bounty, bestowed, not by the deceased, but by the law, when the conditions surrounding the relations of the parties to each other before and at the time of the dissolution of the marriage by the death of one of them, and surrounding the one surviving after the dissolution, meet the requirements of the law. Thus the spouse dying must be rich, or comparatively so; the one surviving, in necessitous circumstances, or comparatively so, with regard to the other.

"Again, the one dying rich—possessed of wealth which had been the common enjoyment of the conjugal pair—must leave the other in necessitous circumstances. If these conditions do not exist, the reason, the motive, the purpose of the law fails, and the right to take, does not attach. Connor v. Connor, 10 La. Ann. 451; Succession Justus, 44 La. Ann. 721."

In Succession of Fortier, 3 La. Ann. 105, this court said:

"The principle upon which the law appears to be founded is that neither of the married parties who have lived together in the common enjoyment of wealth and of the position which it gives shall be suddenly reduced to want; and a part of the estate of the deceased, who has died rich, is appropriated to relieve the survivor, who, in the absence of it, would be reduced to poverty. 53d Novel of Justinian, Merlin, verbo Quart de Conjoint Pauvre; Gregorio Lopez, Com. on Law 7, tit. 13, pt. 6."

In Succession of Kunemann, 115 La. 604, 39 South. 702, this court said (syllabus):

"The right to the married fourth is a statute right, which can only be claimed under the conditions and for the purposes contemplated by it."

Page 613 (39 South. 705):

"We cannot, however, overlook the fact that the source of the right to the marital fourth is derived from the law itself, and that the will of the lawmaker as to the terms and conditions under which it should be exercised is to be looked for and ascertained by the courts, and not the will of the spouses themselves. The courts are bound to confine the exercise of the right to the class of cases proper for the execution of the purposes which the lawmaker had in view."

In Smith v. Smith, 43 La. Ann. 1151, 10 South. 251, this court said:

"As said in one case: 'In estimating her necessities, the law requires that we should take into consideration the condition of her husband and the habits of life which his ample fortune must have engendered in his family.'"

See, also, Dupuy v. Dupuy, Adm'r, 52 La. Ann. 873, 27 South. 287.

Very evidently plaintiff's case does not meet these requirements, and he is therefore not entitled to recover.

In Succession of Pelloat, 127 La. 878, 54 South. 132, upon which our learned brother below founded his decision, the case fulfilled every requirement. All that was held was that the fact of the marriage having been kept a secret created no obstacle to the operation of said article 2382.

The judgment appealed from is set aside, and the opposition of the opponent is dismissed at his cost; the cost of appeal to be paid by opponent.

O'NIELL, J., dissents.

## On Rehearing.

LAND, J. The question presented to us for decision in this case is whether Frank E. Fagot, Jr., the surviving husband of Jeanne Marie Guillon, deceased, is entitled to claim the marital fourth of her estate. This question has arisen on the opposition of Frank E. Fagot, Jr., to the final account filed by the executor of the last will and testament of Jeanne Marie Guillon.

There is no dispute about the facts in this case. Frank E. Fagot, Jr., opponent, was married to Jeanne Marie Guillon in the parish of St. Tammany on the 23d day of May, 1917, and she died 19 days after the marriage. Previous to the marriage opponent was working as agent for an insurance company and was earning about $30 a week. He resigned this position several days before his marriage, and went to his wife's home, and remained with her until her death. After her death he obtained another position which paid him about $21 per week.

The estate left by his wife at her death was valued at $16,307.49, and, after paying the debts and particular legacies, there remained a balance of $12,973.67. In the last will and testament of Jeanne Marie Guillon we find a legacy to Frank E. Fagot, Jr., of the note of his father for $1,000, and which was appraised at $500.

There can be no doubt that Frank E. Fagot, Jr., opponent, at the death of his wife, was left in necessitous circumstances; that she died relatively rich and left him comparatively poor. Melancon's Widow v. His Executors et al., 6 La. 105; Dunbar v. Heirs, 5 La. Ann. 159; Succession of Fortier, 3 La. Ann. 104; Succession of Piffet, 39 La. Ann. 556, 2 South. 210.

As the marriage between Frank E. Fagot, Jr., and his wife was terminated by her death after 19 days, no children were born of this union.

It is clear to our minds that the facts of this case fulfill every requirement laid down by article 2382 of the Revised Civil Code, which provides as follows:

"When the wife has not brought any dowry, or when what she brought as a dowry is inconsiderable with respect to the condition of the husband, if either the husband or the wife die rich, leaving the survivor in necessitous circumstances, the latter has the right to take out of the succession of the deceased what is called the marital portion; that is, the fourth of the succession * * * if there be no children."

[1] Under this article the following facts must exist to entitle the survivor to claim the marital fourth:

(1) A marriage.

(2) Husband or wife must die rich.

(3) Party dying must leave the survivor in necessitous circumstances.

(4) There shall be no children.

It is true that Jeanne Marie Guillon was in the last stages of consumption at the time of her marriage, and died 19 days thereafter; but it is also true that she had been engaged to marry Frank Fagot, Jr., for several years; that the marriage was celebrated at the home of the bride at Abita Springs by the Catholic priest of Covington, and that the

marriage license was regularly and duly obtained from the clerk of the Twenty-Sixth judicial district court at Covington. There was nothing clandestine about the marriage. There is no suggestion of fraud or bad faith on the part of either of the contracting parties; on the contrary, it seems to have been performed as an act of mutual affection and devotion.

The sole and only objection raised against the right of the husband in this case to claim under the law the marital fourth is that the marriage was too recent, and therefore that the husband and wife did not live together in the common enjoyment of the wealth of the the rich spouse for the necessary period required by law. There are some decisions to this effect. Succession of Fortier, 3 La. Ann. 104; Dunbar v. Heirs of Dunbar, 5 La. Ann. 159; Succession of Rogge, 50 La. Ann. 1228, 23 South. 933; Succession of Kunemann, 115 La. 604, 39 South. 702.

However, a complete answer to this contention is that no such condition is attached by article 2382 of the Civil Code to the right of a necessitous husband or wife to claim the marital fourth.

The letter of this article of the Code is plain and free from ambiguity, and cannot be disregarded under the pretext of pursuing its spirit. C. C. art. 13.

[2] We prefer, therefore, to follow the line of decisions of this court, which hold that the article in question does not limit its operations to those whose married life should have lasted a specified time. Succession of Marc, 29 La. Ann. 413; Sabalot v. Populus, 31 La. Ann. 855; Brannin v. Womble, 32 La. Ann. 810; Richard v. Lazard, 108 La. 543, 32 South. 559; Succession of Pelloat, 127 La. 878, 54 South. 132.

The lower judge adopted the rule as laid down in these cases, and rendered judgment in favor of the opponent, Frank E. Fagot, Jr., recognizing him as entitled to one-fourth of the estate of Jeanne Marie Guillon in full property subject to a credit to the amount of the value of the note of Frank E. Fagot, Sr., bequeathed to opponent in the last will and testament of Jeanne Marie Guillon, and ordering the final account of the executor to be amended accordingly so as to place the said Frank E. Fagot, Jr., therein as entitled to one-fourth of the succession of decedent in full property; costs of the opposition to be paid by the testamentary executor.

This judgment, in our opinion, is correct, as it conforms to our view of the law in this case.

It is therefore ordered that our former judgment be set aside, and that the judgment appealed from be affirmed.

PROVOSTY, C. J., and OVERTON and BAKER, JJ., dissent.