*221
 
 On Rehearing.
 

 ROGERS, J.
 

 Under the previsions of Civ. Code, art. -3252 (as amended .and reenacted by Act 242 of 1918), the two questions arising in this case are:
 

 First, was plaintiff the wife of Preval Lafleur at the time of his death?
 

 Second, did he die leaving her in necessitous circumstances, not possessed in her own right of property to the amount of $1,000?
 

 The record answers these questions in the affirmative.
 

 Civ. Code, art. 2382, granting the marital portion to the surviving spouse in necessitous circumstances, and Civ. Code, art. 3252, creating a preferential claim of $1,000 in favor of the widow and minor heirs in necessitous circumstances, are laws in pari materia, and there is a line of jurisprudence to the effect that the wife contemplated by the codal articles is a wife in fact and not merely a wife in name. Armstrong v. Steeber, 3 La. Ann. 713; Pickens v. Gillam, 43 La. Ann. 350, 8 So. 928; Succession of Rogge, 50 La. Ann. 1220, 23 So. 933; Richard v. Lazard, 108 La. 543, 32 So. 559. Per contra, there is another line of cases rejecting the doctrine of those decisions, and holding that under the plain provisions of the Code no condition whatever is attached to the right of the .necessitous husband or wife to claim the marital portion or of the necessitous wife to claim the so-called widow’s homestead. Succession of Marc, 29 La. Ann. 413; Sabalot v. Populus, 31 La. Ann. 855; Succession of Pelloat, 127 La. 878, 54 So. 132; In re Coreil’s Estate, 145 La. 788, 83 So. 13; Succession of Guillon, 150 La. 587, 91 So. 53; Succession of Hagan, 150 La. 934, 91 So. 303.
 

 In the Coreil'Case, supra, the court maintained the right of the surviving wife to the widow’s homestead under Giv. Code, art. 3252, notwithstanding she had left the matrimonial domicile three years before her husband’s death and had lived apart from him during that time in another state.
 

 In the Succession of Hagan, supra, the surviving husband,' who had attempted to sustain a forged will of his wife, was held to be entitled to the marital portion as provided by the Code.
 

 In the Succession of Guillon, Supra, the jurisprudence on the subject was reviewed, and the court announced that it would follow, as the better rule, those decisions in which the statute was literally construed rather than those decisions in which it had received a liberal interpretation.
 

 Our own conclusion is that the law invoked by the plaintiff is clear and explicit. It attaches no qualifications and imposes no conditions upon the necessitous wife who seeks to avail herself of its beneficial provisions. It makes no distinction between the faithful wife and the unfaithful wife. The husband, who is the sole judge of his feelings and of his honor, is the one to do this by taking appropriate legal action to sever the matrimonial tie if he is dissatisfied therewith. If he does not choose to take such action during his lifetime, no one, after he is dead, ought to be permitted to question the status of his wife and to contest her preferential right to receive $1,000 out of her husband’s estate.
 

 For the reasons assigned, the judgment of the Court of Appeal is set aside, and the judgment of the district court is reinstated and affirmed at defendant’s cost. Defendant’s right to apply for a rehearing is reserved.
 

 OVERTON, L, dissents, adhering to original opinion handed down herein.
 

 ST. PAUL, J., adheres to the original opinion.