O’NIBLL, C. J.
 

 (dissenting). It is conceded, in the opinion of the Court of Appeal, and in the majority opinion of this court, that article 2382 of the Civil Code, allowing a surviving husband or wife in necessitous circumstances a fourth of the estate of the deceased spouse if the latter has died rich, and article 3252 of the Code (as amended by Act 17 of 1917p and Act 242 of 1918), allowing the widow or- minor children in necessitous circumstances $1,000 of the estate of the deceased husband or father, are “laws in pari materia and controlled by the same rules of interpretation.”
 

 In the Succession of Guillon, 150 La. 587, 91 So. 53, we ruled 'that article 2382 was plain and free from ambiguity, and that the court was therefore forbidden, by article 13 of the Code, to disregard the letter of the law to pursue its spirit. Our ruling was that the courts had no authority to impose upon the surviving spouse any condition not required by the letter of the law to entitle him or her to the marital fourth of the estate of the deceased spouSe. The case was first decided the other way, on the 15th of June, 1921, but a rehearing was granted, and the court then reversed its opinion and decree, on the 27th of February, 1922. The jurisprudence
 
 *219
 
 on both sides 6f the question — the decisions maintaining a liberal and those maintaining a literal interpretation — were reviewed thoroughly, and the decisions maintaining the liberal interpretation were overruled and those maintaining the literal interpretation were affirmed. In the opinion on rehearing we said:
 

 “The sole and only objection raised against the right of the husband in this ease to claim under the law the marital fourth is that the marriage was too recent, and therefore that the husband and wife did not live together in the common enjoyment of the wealth of the rich spouse for the necessary period required by law. There are some decisions to this effect. Succession of Fortier, 3 La. Ann. 104; Dunbar v. Heirs of Dunbar, 5 La. Ann. 159; Succession of Rogge, 50 La. Ann. 1228, 23 So. 933; Succession of Kunemann, 115 La. 604, 39 So. 702.
 

 “However, a complete answer to this contention is that no such condition is attached by article 2382 of the Civil Code to the right of a necessitous husband or wife to claim the marital fourth.
 

 “The letter of this article of the Code is plain and free from ambiguity, and cannot be disregarded under the pretext of pursuing its spirit. C. C. art. 13.
 

 “We prefer, therefore, to follow the line of decisions of this court, which hold that the article in question does not limit its operations to those whose married life should have lasted a specified time. Suecfession of Marc, 29 La. Ann. 413; Sabalot v. Populus, 31 La. Ann. 855; Brannin v. Womble, 32 La. Ann. 810; Richard v. Lazard, 108 La. 543, 32 So. 559; Succession of Pelloat, 127 La. 878, 54 So. 132.”
 

 The doctrine of the Succession of Guillon was affirmed in the Succession of Hagan, 150 La. 934, 91 So. 303, decided on the 13th of March, 1922, the syllabus of which reads.
 

 “Though a husband attempted to sustain a forged will of his wife in his favor, where he was left in necessitous circumstances by wife, who died comparatively rich, within the meaning of Civ. Code, art. 2382, he was entitled to one-fourth of his wife’s estate in pursuance of the statute.”
 

 In the body of the opinion, it was said:
 

 “We think that the record leaves no doubt but that the defendant was left in necessitous circumstances, and that his wife died comparatively rich, within the meaning of article 2382 of the Civil Code; and while the effect of our finding in this case is to say that he attempted to sustain a forged wijl of his wife, * * * the law has not made this a bar to his right to recover the marital fourth, and courts cannot legislate, however strong the appeal may be on moral grounds.”
 

 If we 'adhere to the statement in the majority opinion in this case, that articles 2382 and 3252 of the Code are “laws in pari materia and controlled by the same rules of interpretation,” it will be impossible to reconcile the ruling in this case, from which I dissent, with the rulings in the two late cases, which I have cited and approve.
 

 The last paragraph of article 3252 of the Code, as amended, is so plain as to leave no room for interpretation, viz.:
 

 “Whenever the widow or minor children of a deceased person shall be left in necessitous circumstances, and not possess in their own rights property to the amount of one thousand dollars, the widow or the legal representatives of the children shall be entitled to demand and receive from the succession of the deceased husband or father, a sum, which added to the amount of property owned by them, or either of them, in their own right, will make up the sum of one thousand dollars, and which amount shall be paid in preference to all other debts, except those secured by the vendor’s pi’ivilege on both movables and immovables, conventional mortgages, and expenses incurred in selling the property. The surviving widow shall have and enjoy the usufruct of the amount so received from her deceased husband’s succession, during her widowhood, which amount shall afterwards vest in and belong to the children or other descendants of the deceased husband.”
 

 We have no authority to rewrite or revise this statute, so as to penalize the widow for having lived apart from her husband during the last few years of his life, by depriving her of the $1,000 which the statute declares she is entitled to.
 

 I respectfully dissent from the majority opinion and decree.