DIXON, Judge.
The widow of E. N. Neal appeals from a judgment adverse to her claim for the marital fourth of her husband’s succession, provided for in C.C. 2382.
E. N. Neal died April 1, 1969 at the age of ninety-four. He had married appellant on January 22, 1956 when she was about thirty years old. Mr. Neal left neither ascendants nor descendants. His last will and testament, dated November 20, 1961, left his property to two nephews, Lloyd E. Neal and S. A. Neal, except for the usu-fruct of a house in Epps, frequently referred to in the testimony as an apartment house. There was no community property, since a marriage contract perfected at the time of the marriage of the appellant and her husband stipulated against a community.
Mrs. Neal was appointed dative testamentary executrix. She then filed a petition to have herself placed in possession of the marital fourth, alleging that she brought no dowry to the marriage and was left in necessitous circumstances by her husband, who died rich.
The descriptive list of property belonging to the succession filed by Mrs. Neal showed the following property:
"1. Apartment house and lot In Epps, Louisiana $ 10,000.00
"2. Amount owing by Loyd E. Neal $ 11,603.82
"3. Amount owing by S. A. Neal 14,999.91
"4. Amount due and owing by L. E. Neal and S. A. Neal on a promissory note 96,600.00
“5. 22 shares of stock in the West Carroll National Bank, Oak Grove, Louisiana, at $5.00 per share 110.00
"6. Cash on hand In First National Bank of Delhi, Delhi, Louslana 263.17
"7. Oil, gas and mineral lease revenues 90.00
"8. 1966 Chevrolet automobile 300.00
"VALUE OF ENTIRE PROPERTY $133,966.90"
The appellees, the two nephews, filed an answer to the petition and a motion to traverse the detailed descriptive list. Their list omitted items 2, 3 and 4, leaving a total of assets in the succession of E. N. Neal amounting to $13,295.69.
There was judgment after trial as prayed for by the appellees, eliminating the large items in the detailed descriptive list (amounts alleged to be owing by Lloyd E. and S. A. Neal), eliminating a $300.00 automobile, changing the value of the bank stock and deposit, and fixing the “total net estate” at $12,995.69:
"1. Apartment House and Lot In Epps, Louisiana $10,000.00
"2. 22 Shares of Stock In the West Carroll National Bank, Oak Grove, Louisiana 2,200.00
"3. Dividend Check from the West Carroll National Bank, Oak Grove, Louisiana 110.00
"4. Cash on hand in the Epps Branch of the Bank of Oak Grove, Epps, Louisiana 685.69
"TOTAL NET ESTATE $12,995.69"
The claim of Mrs. Neal to the marital fourth was denied.
On the trial of the case, it was shown that Mrs. Neal had a bank account of ap-proximtaely $800.00 at the time of her husband’s death, and that the automobile had been a gift to her by her husband. Mrs. Neal was employed as a nurse’s aide or a practical nurse.
Appellees urge that appellant’s earnings should be considered in order to determine *330 whether she is in necessitous circumstances. Because of our conclusion on other aspects of the case, it is not necessary to decide this question, and not necessary to attempt to reconcile an apparent conflict in the jurisprudence. See Succession of Fortier, 3 La.Ann. 104; Succession of Schnitter, 220 La. 323, 56 So.2d 563.
Although Mrs. Neal listed the “apartment house” as having a value of $10,000, as did appellees, her testimony was that the building was worthless, requiring substantial amounts for its maintenance and upkeep.
Appellant contends that amounts loaned to, or advanced to, or given to the nephews prior to the death of Mr. Neal should be included in the inventory. These amounts, listed in the inventory as items 2 and 3, were obtained from balances shown on certain ledger sheets kept by decedent, who had made advances to appel-lees from 1952 or 1953 through 1956 or 1957. Both appellees, Lloyd E. and S. A. Neal, had been treated by decedent as his own children. Nothing was credited as a payment on the accounts after 1957, although frequent credit entries appear in prior years.
Both appellees testified that they and their uncle had considered the advances to be gifts. Each had made payments when he thought he could and should. Both testified that the decedent did not desire further payments, but wanted his nephews to take care of him if it became necessary.
Such evidence cannot be considered as establishing debts due the succession by the appellees. Even had there been debts, appellees might successfully interpose pleas of prescription. Items 2 and 3 cannot be included in the inventory.
Item 4 in the detailed descriptive list is represented, appellant claims, by an attempted manual gift of a $96,600 promissory note. Since the gift of a note requires an act before a notary and two witnesses (C.C. 1536), appellant contends that the gift was null and still owing to the succession.
The evidence shows that the decedent wished to give his nephews, the appellees, a farm in West Carroll Parish in 1964. On the advice of a lawyer, the donation was disguised as a credit sale, and a credit deed was executed, signed by the decedent, the appellees, two witnesses, and a notary, thus escaping the nullity for want of form required for the donation inter vivos of an immovable. C.C. 1536; Holmes v. Patterson, 5 Mart. (O.S.) 693; Harper v. Pierce, 15 La.Ann. 666.
Upon execution, the note was taken by one of the appellees. It remained in his possession until December 15, 1965, when he delivered it to the lawyer who had handled the transaction, who in turn had his secretary take the note to the courthouse to obtain the cancellation of the mortgage.
The record is clear that E. N. Neal wanted to accomplish a donation inter vivos of the farm to his nephews. The mistaken belief of the lawyer handling the transaction that a manual gift of a promissory note is subject to no formality has given hope to appellant that the note could be brought into the succession of E. N. Neal.
The transaction did result in the gift of land by E. N. Neal to appellees. It is not necessary to decide whether the incidental attempt to make a manual gift of the note was a nullity requiring its inclusion in the succession. The note, dated March 2, 1964, prescribed before E. N. Neal’s death on April 1, 1969. The plea of prescription filed in this court by appellees (C.C.P. 2163) is sustained.
E. N. Neal’s death left his widow with about $800.00 in the bank, a $300.00 automobile, and the usufruct of a building which she listed on her detailed descriptive *331 list as having a value of $10,000. Whether the building is actually worth that amount is not too important. It formed the bulk of the succession. Mrs. Neal had a life expectancy of over twenty-three years at the time of her husband’s death. (R.S. 47:2405). The value of her usufruct is approximately 75% of the value of the immovable. If the property is worthless, as Mrs. Neal attempted to establish by her testimony, the value of the succession is greatly diminished, and her husband did not die rich. If the building is actually worth $10,000, as Mrs. Neal’s descriptive list attested, Mrs. Neal’s worth was increased by approximately 75% of $10,000 upon her husband’s death.
Consequently, we cannot find upon the record before us that E. N. Neal died rich, leaving his wife in necessitous circumstances.
The judgment of the district court, rejecting the demands of the plaintiff-appellant, is affirmed, at appellant’s cost.