378 So.2d 500 (1979)
In re: Succession of Frederick A. ZIIFLE.
No. 10561.
Court of Appeal of Louisiana, Fourth Circuit.
November 28, 1979.
Rehearing Denied January 18, 1980.
Midlo & Lehmann, Rene Lehmann, New Orleans, for claimant-appellant.
Marcella M. Ziifle, Gretna, Delbert G. Talley, New Orleans, for executor-appellee.
Before GULOTTA, BEER and GARRISON, JJ.
BEER, Judge.
Mireya Ponce, widow of Frederick A. Ziifle, sues to be recognized as a surviving spouse in necessitous circumstances under LSA-C.C. art. 2382, and claims entitlement to the marital fourth and to periodic allowance during the course of the administration of the succession. The 24th Judicial District Court concluded "that Mrs. Ziifle is *501 not a wife in necessitous circumstances as contemplated under LSA-C.C. art. 2382," and denied her claim. She appeals.
Frederick A. Ziifle died April 22, 1978. Sixteen months prior to his death, he married appellant, who was twenty-six years his junior. They were, thereafter, separated on two occasions during the marriage; the first separation commencing on August 25, 1977. On December 13, 1977, the date set for judicial proceedings regarding the separation, they reconciled. The next separation commenced in February, 1978, and there was no apparent reconciliation prior to his death.
Ziifle left an estate which was originally valued at $485,962 but thereafter increased by $10,000.
After trial of this matter, the able district judge concluded that decedent's net estate approximated $450,000 and that "at the time of Mr. Ziifle's death, Mrs. Ziifle had total assets in the neighborhood of $75,000.00...." The district court also concluded that "there is no apparent change in the lifestyle of the petitioner from the time of her marriage to Mr. Ziifle to the present date."
The Louisiana Supreme Court enunciated the nature of the surviving spouse's right to claim the marital portion in Succession of Lichentag, 363 So.2d 706 (La.1978), observing:
"The right conferred by the article (2382) is in nature of a charity or bounty in favor of the surviving consort left in penurious circumstances ... The fourth is given in honor of the past marriage, that the survivor be retained in the previous accustomed rank and condition."
Thus, as noted in Moore v. Succession of Moore, 7 So.2d 716 (La.App. 2nd Cir. 1942), Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950), and Succession of Henry, 287 So.2d 214 (La.App. 3rd Cir. 1973), one spouse is not to be deprived, by reason of the other's death, of a standard of living similar in style, comfort and elegance to that existent during the marriage. However, the trial judge has found, as a matter of fact, that there has been no apparent change in the widow Ziifle's life style, and our review of the record does not convince us that such a finding is manifestly erroneous.
Accordingly, we turn to appellant's more strictly legalistic contention which is primarily based upon her able counsel's interpretation of Succession of Morris, 137 La. 719, 69 So. 151 (1915), and, more recently, Smitherman v. Smitherman, 240 So.2d 6 (La.App. 2nd Cir. 1970). Able counsel for appellant seeks to anchor his contentions in this regard on certain factual conclusions of the trial judge regarding valuations. Specifically, he contends that if, as found by the trial court, decedent's net estate amounts to $450,000 and if, as found by the trial court, claimant's estate is $75,000, then the "ratio" is six to one and, therefore, inconsistent with the above noted cases which may be said to stand for the proposition that the smallest ratio which the courts have recognized in holding that the deceased spouse died rich is five to one.
Apparently overlooked in this energetic contention by appellant's counsel is the still existent requirement that the claiming spouse's life style need also to have changed as a result of decedent's demise.
Even so, it is difficult to ascribe absolute validity to the ratio theory which, by its own terms, becomes patently ridiculous when carried to an extreme.
Yet, we find no need to explore these provocative possibilities (i. e., is a widow in necessitous circumstances when she has only five million dollars because her deceased husband left an estate of twenty-five million dollars) in view of our conclusion that the record, in fact, supports those critical factual determinations which form the overall basis for the trial court's judgment. Although the court referred to certain net figures in its reasons for judgment, they are, at best, approximations and do not, standing alone, provide a basis for the imposition of any sort of ratio rule, able counsel's argument to the contrary notwithstanding.
*502 Though not dealt with in detail because of the conclusions noted above, we do, nevertheless, observe, for such use as a reviewing court may see fit to make of it, that this record does not, in our view, support a conclusion that the decedent and plaintiff had been "separated" in a manner sufficient to cause forfeiture of the marital fourth as discussed in LSA-C.C. art. 2382.
The judgment is affirmed, at appellant's cost.
AFFIRMED.