CULPEPPER, Judge.
This is an action by the surviving widow to recover, out of the estate and succession of her deceased husband, the marital portion in usufruct only under the provisions of LSA-C.C. Article 2382. After the trial on the merits, the trial court rendered judgment in favor of the defendants and against the plaintiff. From this judgment, plaintiff appeals. We reverse.
Clayus J. Breaux was first married to Edora Kidder Breaux, who predeceased him. Of this union, two children were born, namely, Addie Breaux Domingues and Car-rol Breaux, defendants herein. On May 30, 1962, Mr. Breaux remarried, this time to Laurence Mallet Breaux, the plaintiff herein. No children were bom of this marriage. Clayus Breaux died intestate on November 8, 1978 in the Parish of St. Martin. Plaintiff and the decedent lived, from the time of their marriage until the decedent’s death, in his house on a tract of land situated in Cecilia, St. Martin Parish, owned separately by Mr. Breaux.
The defendants are the only surviving children of Mr. Breaux. The Succession of Clayus J. Breaux, Probate No. 8709, was opened without administration on February 9, 1979. Defendants petitioned for and were placed in possession of the estate of Clayus J. Breaux by judgment signed on the same date. The decedent’s estate was shown as consisting entirely of separate property, with a gross value of $79,439.50, and a net value of $75,283 after payment of succession debts. The sole assets listed therein were the house and land which had served as the matrimonial domicile of Mr. and Mrs. Breaux. On February 16,1979, by act of cash sale duly recorded, the defendants sold the property belonging to the separate estate of Clayus J. Breaux for $79,-439.50.
At the time of her husband’s death, in November of 1978, Mrs. Breaux’s financial condition was as follows: She was 76 years old; she had an undivided one-half interest in two checking accounts, one having a balance of $533.51, the other a balance of $105.71; she had a savings of $1,600 in cash. These accounts were apparently community assets. She was receiving $94 monthly in Social Security benefits and $84 monthly in old age benefits (SSI).
The trial court held that as there was no change in plaintiff’s manner of living as a result of her husband’s death, she was not in necessitous circumstances and therefore not entitled to the marital portion from the Succession of Clayus Breaux. As the case *1372 was disposed of on the basis of this finding, the other issues presented and argued at trial were not reached by the trial judge. They are, however, argued on appeal in the event of a reversal of the judgment of the lower court. Thus, the issues before this Court, as raised in the briefs of the parties, are these:
(1) Is plaintiff entitled to receive the marital portion of her husband’s estate in usufruct?
(2) If so, has her claim thereto prescribed?
(3) If she is so entitled, does the usufruct attach to the liquidated proceeds of the estate?
(4) If so, must she post security for same?
RIGHT TO THE MARITAL PORTION
In November, 1978, when decedent died, the marital portion of the surviving spouse in necessitous circumstances was provided for in Article 2382 of the Louisiana Civil Code:
“Art. 2382. When the wife has not brought any dowry, or when what she brought as a dowry is inconsiderable with respect to the condition of the husband, if either the husband or the wife die rich, leaving the survivor in necessitous circumstances, the latter has a right to take out of the succession of the deceased what is called the marital portion; that is, the fourth of the succession in full property, if there be no children, and the same portion, in usufruct only, when there are but three or a smaller number of children; and if there be more than three children, the surviving, whether husband or wife, shall receive only a child’s share in usufruct, and he is bound to include in this portion what has been left to him as a legacy by the husband or wife, who died first.”
The Louisiana Supreme Court has stated the facts which must exist to entitle the survivor to claim this marital fourth under Article 2382 are:
“(1) A marriage.
(2) Husband or wife must die rich.
(3) Party dying must leave the survivor in necessitous circumstances.
(4) There shall be no children.”
Succn. of Guillon, 150 La. 587, 91 So. 53 (1922) and Malone v. Cannon, 215 La. 939, 41 So.2d 837 (La.1949).
Plaintiff contends the trial court was in error in holding that she was not placed in necessitous circumstances as a result of her husband’s death because her lifestyle was not altered thereby, arguing that there is neither a legal nor a factual basis for this conclusion. Defendants argue that comparison of the patrimonial assets of the deceased with those of the survivor is only a part of a two-fold test which the courts have intimated is necessary to determine whether or not a surviving spouse is entitled to receive the marital portion. They contend that it is necessary to consider the conditions of the survivor and a relative comparison of her style of life prior to the decedent’s death with that up to, and including, the time of the trial. This argument is based on Succession of Ziifle, 378 So.2d 500 (La.App. 4th Cir. 1979), wherein the Fourth Circuit required that there be a change in lifestyle in order to be entitled to the marital portion.
It has long been settled that the right to the marital portion is a bounty, founded upon the consideration that neither of the married persons, who have lived together in common enjoyment of wealth and the position which it gives, shall suddenly be reduced to penurious circumstances. It is given in honor of the past marriage, that the survivor be retained in the previous accustomed rank and position. Malone v. Cannon, supra; Succession of Lichtentag, 363 So.2d 706 (La.1978). The purpose of the provision is to provide some certainty for the support of the spouse left poor, and not to leave her as she would be left if forced to look exclusively for support to the varying changes of fortune or hazard. Dupuy v. *1373 Dupuy, 52 La.Ann. 869, 27 So. 287 (1899). Thus it is clear that the terms “rich” and “necessitous circumstances” are used relatively and are to be applied comparatively, with regard to the respective positions of the spouses. As this Court stated in Succession of Henry, 287 So.2d 214 (La.App. 3rd Cir. 1973):
“Thus if one spouse, by reason of the other’s death is unable to live in similar style, comfort, and elegance as a person of her former rank, i.e., similar economic conditions in which she lived during marriage, she is considered to be in ‘necessitous circumstances’. Thus property which would make a person in one walk of life rich would be inadequate to supply the wants, albeit they are artificial, of one in another condition of life.” (Citations omitted)
Defendants further argue that the plaintiff was not in necessitous circumstances because the present value of her Social Security benefits and old age assistance benefits represent an asset of the present value of $24,954.92, and thus the relative comparison of the assets of the decedent and the surviving spouse gives a ratio of about 3 to 1. This is based on the calculations of an economic expert who testified that a capital investment of this amount would be required to produce interest income equivalent to the plaintiff’s monthly benefits.
We feel that, regardless of this testimony, the fact is that this widow is in necessitous circumstances, and that the trial judge was clearly wrong in holding to the contrary, under the standards of Arceneaux v. Dominque, 365 So.2d 1330 (La.1978). Therefore, since her husband died rich in comparison, she is entitled to receive the marital portion in usufruct.
When her husband died, Mrs. Breaux had a one-half interest in two checking accounts totaling $639.21, she had a savings of $1600 cash, and was receiving $178 a month from the government. Her husband left a net estate of something over $75,000. At the time of the trial, Mrs. Breaux had depleted her cash assets, and was living in a 3-room shack which she purchased for $1,000 and moved onto a lot owned by her grandson. She was subsisting on $248.30 a month Social Security and old age benefits. In any walk of life, one surviving solely by means of Social Security benefits and old age assistance must be considered in necessitous circumstances. Indeed, the fact of the plaintiff receiving old age benefits shows, prima facie, that she is in need, inasmuch as this is a gratuity extended by the government to those who lack sufficient income to meet their daily needs.
We recognize that the major policy underlying this article is to prevent one who has become accustomed to living according to a certain standard from suffering a loss of position and comfort by reason of the death of their spouse who neglected or refused to make provisions for them. The fact that this couple lived quite frugally before the husband’s death establishes only that they preferred to enjoy the property belonging to him as a resource, a form of security upon which his wife, along with him, could rely in a situation of urgent need. That Mr. Breaux chose to maintain his estate in the form of immovable property, rather than liquid assets to be readily depleted, does not mean that Mrs. Breaux did not share in the enjoyment of a measure of security which it provided for them. It is only too clear that when he died, this condition of security was snatched away. She was deprived of the family home of which she had enjoyed the benefits for 16 years. The fact that she continued to reside there a few months after her husband’s death makes no difference. The fact remains that she was no longer imbued with the right to enjoy the property and rely on the resource which it had provided her during the marriage. There are more ways than one in which to enjoy an asset. It is not necessary that one deplete it in order to have the enjoyment thereof.
Further evidence of Mrs. Breaux’s change in condition and lifestyle is shown by the *1374 fact that the savings she was able to accumulate during marriage had to be used to secure accommodations. Furthermore, the death of her husband has rendered her unable to set anything aside for emergencies in her present condition. We feel that the trial court’s reading of Succession of Ziifle, supra, is far too narrow, in that it envisions only a change in lifestyle — i.e., state of accommodations, eating habits, basic comforts, rather than the true condition or quality of life. One need not be destitute to show necessitous circumstances, Smith v. Smith, 217 La. 646, 47 So.2d 32 (La.1950), although certainly little lies between this plaintiff and destitution, in light of the present economic tenor and the state of today’s Social Security program. This plaintiff, who lived with and cared for the decedent for 16 years, and in so doing enjoyed the benefit and security of his property, is without doubt in the very situation for which Article 2382 was intended to provide.
Since the decedent had only two surviving children, the plaintiff is entitled to a marital portion of one-fourth of the succession of Clayus J. Breaux in usufruct only.
RIGHT OF USUFRUCT OVER LIQUIDATED PROCEEDS OF THE ESTATE
The defendants contend that plaintiff should be estopped from claiming a usu-fruct over the liquidated assets of the decedent’s estate since the property was disposed of 15 months prior to plaintiff’s filing of a formal claim. They argue that the claim had prescribed since her remedy to enforce it was by filing a claim within three months of the closing of the succession.
In Malone v. Cannon, supra, the Louisiana Supreme Court stated:
“But as to his right to take the marital fourth the surviving spouse is not an heir, and the portion he is entitled to is not an inheritance. It is therefore not a vested right, nor is it a debt. It is a gift, a bounty, bestowed, not by the deceased, but by the law, when the conditions surrounding the relations of the parties to each other before and at the time of the dissolution of the marriage by death of one of them, and surrounding the one surviving after the dissolution, meet the requirements of the law.”
Thus, it follows that the right to a usufruct over the marital portion of the decedent’s estate attaches at the moment of the dissolution of the marriage by death, if the required conditions exist, i.e., one spouse dying rich, and the survivor left in necessitous circumstances, or comparatively so with regard to the other. Furthermore, as this is not a debt of the succession, LSA-C.C.P. Article 3007 regarding prescription of claims by creditors of the succession is not applicable.
As this Court stated in Succession of Henry, 287 So.2d 214 (La.App. 3rd Cir. 1973), the surviving spouse can assert this right after liquidation of the estate, or even after property of the succession has been received. Since the defendants took possession of the property of their father’s estate and sold it within a week thereafter, LSA— C.C. Article 615 governs.
“Art. 615. Change of the form of property
When property subject to usufruct changes form without any act of the usu-fructuary, the usufruct does not terminate even though the property can no longer serve the use for which it was originally destined.
When property subject to usufruct is converted into money or other property without an act of the usufructuary, as in a case of expropriation of an immovable or liquidation of a corporation, the usu-fruct does not terminate but attaches to the money or other property.”
Under the holding in Malone v. Cannon, supra, plaintiff is entitled to a usu-fruct on one-fourth of the net value of Mr. Breaux’s estate at the time of his death, i.e., one-fourth of $75,283. She is not entitled to a usufruct on one-fourth of the sum of $79,439 realized from the sale of the property by the heirs.
SECURITY
The defendants further contend that the usufruct created by Article 2382 is *1375 not a legal usufruct, and as such the usu-fructuary must post security. We find such a position untenable. As noted previously, the marital portion is a gift bestowed, not by the deceased, but by the law, in honor of the past marriage of the spouses. The usu-fruct created by operation of the law is called legal. LSA-C.C. Article 544. Article 573 provides that legal usufructuaries are not required to give security. There can be no doubt, then, that one who is entitled to the marital portion in usufruct is not required to give security.
DECREE
For the reasons assigned, the judgment appealed is reversed and set aside. Judgment is now rendered in favor of the plaintiff, Laurence Mallet Breaux, and against defendants, Addie Breaux Domingues and Carrol Breaux, for the sum of $18,820.75, said sum representing the marital portion (one-fourth) of the net value of the succession of Clayus J. Breaux at the time of his death, and plaintiff is hereby awarded a lifetime usufruct over said sum of $18,-820.75 without the necessity of posting security therefor. All costs in both the trial and appellate courts are assessed against defendants-appellees.
REVERSED AND RENDERED.